IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 03-1798C (Chief Judge Damich) |
| THE UNITED STATES | ) | |
| Defendant | ) | |

DEFENDANT'S ANSWER

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4. The allegation contained in the second sentence of paragraph 4 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the bid solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the bid solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7. Admits the remaining allegations contained in paragraph 7 to the extent supported by the minutes cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits receiving a bid from the Plaintiff on or about March 4, 1999 in response to the bid solicitation for a lump sum of $6,233,629.00. Denies the remainder of the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

12. Admits the allegations contained in paragraph 12 to the extent supported by the cited contract provision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited contract provision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited contract provision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18.

19. Denies.

20. Admits the allegations contained in paragraph 20 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20. Avers that the text of Modification 13 states "The performance period is hereby extended 60 days. The new completion date is 4 Aug 01."

21. Admits the allegation contained in paragraph 21 that Modification 15 revised the contract completion date to July 1, 2002. Denies all other allegations contained in paragraph 21.

22. Admits.

23. Denies the allegation contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to its truth.

24. Denies.

25. Denies.

26. Admits the allegation contained in paragraph 26 that plaintiff submitted RFIs on the subject contract. Denies all other allegations contained in paragraph 26.

27. Denies.

28. Admits the allegation contained in paragraph 28 that there were design changes made to the specifications resulting from the construction of the model units. Denies all other allegations contained in paragraph 28.

29. Denies the allegation contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to its truth.

30. Denies.

31. Admits.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

33. Denies.

34. Denies.

35. Denies the allegation contained in paragraph 35 that there was a labor shortage for lack of knowledge or information sufficient to form a belief as to its truth. Denies the remaining allegations contained in paragraph 35.

36. Denies.

37. Admits the allegations contained in paragraph 37 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Denies.

39. Admits receiving a request for equitable adjustment from plaintiff on February 7, 2001, requesting a time extension of 210 days and additional compensation. Denies all other allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegation contained in paragraph 42 that St. Paul Fire and Marine Insurance Company provided management and financial assistance to plaintiff. Denies the remaining allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Admits the allegation contained in paragraph 43 that the Government made a settlement offer to plaintiff on December 10, 2001. Denies all other allegations contained in paragraph 43.

44. Admits.

45. Denies.

46. Admits the allegations contained in paragraph 46 to the extent supported by the cure notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits.

48. Admits the allegation contained in paragraph 48 that the Government received plaintiff's amended request for equitable adjustment on July 29, 2002. All other allegations contained in paragraph 48 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits.

50. Denies the allegations contained in the first sentence of paragraph 50. Admits the allegations contained in the second sentence of paragraph 50.

51. Denies.

52. Denies.

53. Admits.

54. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief following paragraph 58.

59. Defendant's responses to paragraphs 1 through 58 of the complaint are incorporated by reference.

60. The allegations contained in paragraph 60 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. Denies.

62. The allegations contained in paragraph 62 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief following paragraph 62.

63. Defendant's responses to paragraphs 1 through 62 of the complaint are incorporated by reference.

64. Denies.

65. Admits the allegation contained in paragraph 65 that the Government terminated the contract for default. The remaining allegations contained in paragraph 65

are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief following paragraph 66.

67. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-0282
Fax: (202) 514-8624

November 25, 2003

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on November 25, 2003, a copy of the foregoing Answer was filed electronically. I understand that a copy of the Answer will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael N. O'Connell