**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,** | |
| **Plaintiff,** | **No. 03-1798C** |
| | **(Chief Judge Damich)** |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's Standard Special Procedures Order, plaintiff, American Renovation & Construction Company ("ARC") and defendant, the United States, submit this joint preliminary status report ("JPSR").

a. Does the Court have jurisdiction over the action?

Plaintiff believes that the Court possesses jurisdiction over the action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§601-613, and the Tucker Act, 28 U.S.C. §1491, et seq. At the present time, defendant has not identified any reason to question the Court's jurisdiction over this action.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that this matter involves only the propriety of the Government's default termination, so that bifurcation of the proceedings is not warranted.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?

In the event the parties are unable to amicably resolve the matter, the parties, after the conduct of appropriate discovery, may submit dispositive motions pursuant to RCFC 56.

h. What are the relevant factual and legal issues?

Plaintiff states:

This action arises out of a contract between ARC and the Air Force, dated March 31, 1999, for the construction of

specified military housing units at the MacDill Air Force Base. On or about February 7, 2001, ARC submitted to the Government contracting officer a request for equitable adjustment of the contract, including a time extension for 210 days and additional compensation. By letter dated December 10, 2001, the contracting officer made a settlement offer to ARC, following an audit of ARC's costs by the DCAA. The December 10, 2001 letter also allowed for ARC to supplement its claim for additional delays and costs incurred since the February 2001 submission of ARC's request for equitable adjustment and to provide an acceptable schedule and delay analysis using the Critical Path Method ("CPM") of scheduling.

By letter dated July 26, 2002, ARC submitted its amended request for equitable adjustment, including additional delays and costs incurred since the January 2001 submission of ARC’s request for equitable adjustment, as well as a CPM schedule and delay analysis, as requested by the contracting officer. In the amended submission, ARC requested, inter alia, compensation for 529 calendar days of delay caused by the Government and an extension of the contract completion date until February 4, 2003. The Government received ARC's amended request for equitable adjustment on July 29, 2002. (Complaint, ¶48) On the afternoon of July 29, 2002, the Government issued a

Contracting Officer's Final Decision, terminating the contract for default.

Plaintiff states that the legal issues in this case are as follows:

(i) Whether defendant failed to perform all of its obligations under the contract and applicable law and materially breached the contract and, if so, whether the defendant's prior material breach extinguished any contractual right the defendant may have had to terminate the contract for default;

(ii) Whether, based on the factual circumstances in this case, defendant wrongfully terminated the contract with ARC for default; and

(iii) Whether the termination for default should be set aside and converted to a termination for convenience and, if so, whether ARC should be compensated for damages incurred as a proximate result of the wrongful termination for default.

Defendant states:

The Air Force terminated the contract for default on July 29, 2002, because ARC failed to complete the contract by either the required completion date, ARC’s proposed revised completion schedule, or by the revised completion date established by the Air Force.

Defendant believes the following issues are relevant to this proceeding:

(1) Whether ARC was in default;

(2) Whether the default of ARC is excusable in accordance with the terms and provisions of the contract.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff believes that a negotiated settlement is achievable. Defendant believes that it is too early to determine whether settlement is likely. However, defendant has agreed to meet with plaintiff to discuss plaintiff's claim. Accordingly, the parties are attempting to schedule a meeting for the week of March 8, 2004.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Paragraph 7(e) and 7(g) of the <u>Court's Standard Special Procedures Order</u>

Plaintiff has filed an unopposed motion to supplement the JPSR by March 31, 2004. As set out in more detail in that unopposed motion, the parties believe that given the nature of this dispute and the voluminous number of documents involved, the parties should attempt to avoid the costs of performing RCFC 26 disclosures pending the settlement discussions. The parties also will be in a better position to formulate a discovery plan after their respective positions are explained at the settlement meeting. The parties propose to supplement the JPSR on March 31, 2004, if the parties are unable to resolve this matter. In the event the parties' disputes are not fully resolved before March 31, 2004, the parties agree to set forth in the joint status report a proposed discovery plan including proposed deadlines.

n. <u>Dates for Status Conference</u>

The parties are available for a status conference with the Court on the following dates: February 3, 5, or 6, 2004, at 11:00 a.m. on each of these dates.

<u>CONCLUSION</u>

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

s/Robert G. Watt
ROBERT G. WATT
Watt, Tieder, Hoffar
& Fitzgerald, L.L.P
7929 Westpark Drive, Suite 400
McLean, VA 22102
Tel. (703) 749-1000
Fax. (703) 893-8039

Attorney for Plaintiff
DATED: ________________

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 305-3634
Fax. (202) 514-8624

Attorneys for Defendant
DATED: January 16, 2004

## INDEX TO APPENDIX


| Document | Pages |
|---|---|
| Contract | 1-4 |
| Letter dated February 2, 2001 | 5-8 |
| Memorandum dated December 10, 2001 | 9-11 |
| Letter dated July 26, 2001 | 12-14 |
| Memorandum dated July 29, 2002 | 15-16 |