IMPORTANT - The "offer" section on the reverse must be fully completed by the offeror.

| CONTRACT NUMBER | 5. REQUISITION/PURCHASE REQUEST NUMBER | 6. PROJECT NUMBER |
|---|---|---|
| F08602-99-CK006 | FQ481483568100/FQ481483568200 | NVZR 99-3702/00-3708 |

| 7. ISSUED BY CODE | 8. ADDRESS OFFER TO |
|---|---|
| CONS/LGCC<br>2606 Brown Pelican Avenue<br>MacDill AFB, FL 33621-5000 | Same as Block 7 |

| 9. FOR INFORMATION CALL | A. NAME | B. TELEPHONE NUMBER *(Include area code) (NO COLLECT CALLS)* |
|---|---|---|
| | SSgt James Krempasky | 813-828-3815x352/fax 813-828-3667 |

## SOLICITATION

**NOTE: In sealed bid solicitations "offer" and "offeror" mean "bid" and "bidder".**

10. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS *(Title, identifying number, date):*

10A. THE GOVERNMENT REQUIRES PERFORMANCE OF THE WORK DESCRIBED IN THESE DOCUMENTS TO CONSTRUCT JNCO FAMILY HOUSING UNITS, PHASES III AND IV, MACDILL AFB, FLORIDA.
10B. The magnitude of this project is more than $10,000,000.00.
10C. This acquisition is an UNRESTRICTED procurement.
10D. Information regarding the scheduled pre-proposal conference and site visit is contained in para L-124, page 36.
10E. NOTICE TO PROCEED shall be issued within sixty (60) calendar days from the date of award. Reference Block 11 below.

ENTER PRICES IN THE SCHEDULE - SECTION B
USE TYPEWRITER OR BLACK INK

11. The Contractor shall begin performance within 10 calendar days and complete it within 365 calendar days after receiving

☐ award, ☒ notice to proceed. This performance period is ☒ mandatory, ☐ negotiable. *(See* I-100, FAR 52.211-10 *.)*

| 12A. THE CONTRACTOR MUST FURNISH ANY REQUIRED PERFORMANCE PAYMENT BONDS? *(If "YES," indicate within how many calendar days after award in Item 12B.)* | 12B. CALENDAR DAYS |
|---|---|
| ☒ YES ☐ NO | 10 |

13. ADDITIONAL SOLICITATION REQUIREMENTS:

A. Sealed offers in original and 1 copies to perform the work required are due at the place specified in Item 8 by 4:30 PM *(hour)* local time 22 February 1999 *(date)*. If this is a sealed bid solicitation, offers will be publicly opened at that time. Sealed envelopes containing offers shall be marked to show the offeror's name and address, the solicitation number, and the date and time offers are due.

B. An offer guarantee ☒ is, ☐ is not required.

C. All offers are subject to the (1) work requirements, and (2) other provisions and clauses incorporated in the solicitation in full text or by reference.

D. Offers providing less than 90 calendar days for Government acceptance after the date offers are due will not be considered and will be rejected.

14. NAME AND ADDRESS OF OFFEROR *(Include ZIP Code)*

AMERICAN RENOVATION & CONSTRUCTION COMPANY
3645 CAMINO DEL RIO SOUTH
DIEGO, CA. 92108-4004

: 33-0260362 CEC: 62-479-9201
E CODE: OR7R5

FACILITY CODE

15. TELEPHONE NUMBER *(Include area code)*

619.284.1168 FAX: 619.284.8120

16. REMITTANCE ADDRESS *(Include only if different than Item 14)*

SAME AS ABOVE

17. The offeror agrees to perform the work required at the prices specified below in strict accordance with the terms of this solicitation, if this offer is accepted by the Government in writing within ________ calendar days after the date offers are due. *(Insert any number equal or greater than the minimum requirement stated in 13D. Failure to insert any number means the offeror accepts the minimum in Item 13D.)*

AMOUNTS ▶ SEE THE SCHEDULE - SECTION B

18. The offeror agrees to furnish any required performance and payment bonds.

19. ACKNOWLEDGEMENT OF AMENDMENTS
*(The offeror acknowledges receipt of amendments to the solicitation - give number and date of each)*

| AMENDMENT NO. | 0001 | 0002 | 0003 | 0004 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| DATE | 2/3/99 | 2/5/99 | 2/22/99 | 2/24/99 | | | | | | |

20A. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER *(Type or print)*
ANTHONY J. JEMISON/CORPORATE SECRETARY

20B. SIGNATURE
Anthony J. Jemison

20C. OFFER DATE
MARCH 4, 1999

AWARD *(To be completed by Government)*

EMS ACCEPTED

Contract Line Item Number 0001

22. AMOUNT
$6,233,629.00

23. ACCOUNTING AND APPROPRIATION DATA
5957040 895 65TP 244421 711 BXX 662400 $282,716.00
5797040 899 65TP 244421 711 BXX 662400 $5,950,913.00

24.SUBMIT INVOICES TO ADDRESS SHOWN IN *(4 copies unless otherwise specified)* ▶ ITEM 26

25. OTHER THAN FULL AND OPEN COMPETITION PURSUANT TO
☐ 10 U.S.C. 2304(c) ( ) ☐ 41 U.S.C. 253(c) ( )

26. ADMINISTERED BY CODE

6 CONS/LGCC
2606 Brown Pelican Avenue
MacDill AFB, FL 33621-5000

27. PAYMENT WILL BE MADE BY

DFAS or FPV (IAPS/Air Force)
Vendor Pay Branch
P O Box 934500
2500 Leahy Avenue
Orlando, FL 32893-4500

*CONTRACTING OFFICER WILL COMPLETE ITEM 28 OR 29 AS APPLICABLE*

☐ 28. NEGOTIATED AGREEMENT *(Contractor is required to sign this document and return ________ copies to the issuing office.)* Contractor agrees to furnish and deliver all items or perform all work requirements identified on this form and any continuation sheets for the consideration stated in this contract. The rights and obligations of the parties to this contract shall be governed by (a) this contract award, (b) the solicitation, and (c) the clauses, representations, certifications, and specifications incorporated by reference in or attached to this contract.

☒ 29. AWARD. *(Contractor is not required to sign this document.)* Your offer on this solicitation is hereby accepted as to the items listed. This award consummates the contract, which consists of (a) the Government solicitation and your offer, and (b) this contract award. No further contractual document is necessary.

NAME AND TITLE OF CONTRACTOR OR PERSON AUTHORIZED TO SIGN *(Type or print)*

31A. NAME OF CONTRACTING OFFICER *(Type or print)*
LETRICIA L. PEED

SIGNATURE

30C. DATE

31B. UNITED STATES OF AMERICA
BY Letricia L. Peed

31C. AWARD DATE
31 Mar 99

NAME AND TI (Type or Pr) SIGNATURE



**PART I - THE SCHEDULE**
**SECTION B**

| CLIN | DESCRIPTION | QTY | UNIT | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0001 | **BASIC REQUIREMENT (NVZR 99-3702):** Contractor shall provide all labor, materials and equipment to construct 36 JNCO Military Family Housing Units including roadways, utilities, landscaping, storm water management and waste water at MacDill AFB, FL in accordance with the attached specifications and drawings. **Do not include costs for any of the work described in the Additional Requirements below.** | 1 | JB | Lump Sum | $6,233,629.00 |
| 0002 | **ADDITIONAL REQUIREMENTS (NVZR 99-3702):** Contractor shall provide a separate cost breakout for the following options. | | | | |
| 0002A | **1st PRIORITY: ADDITIONAL REQUIREMENT #1:** Add road and utilities including landscaping complete for Court #3. | 1 | JB | Lump Sum | $ 421,000.00 |
| 0002B | **2nd PRIORITY: ADDITIONAL REQUIREMENT #2:** Add complete construction Four Bedroom Handicapped Unit, Bldg #20. | 1 | JB | Lump Sum | $ 248,460.00 |
| 0002C | **3rd PRIORITY: ADDITIONAL REQUIREMENT #3:** Add complete construction of Three Bedroom Unit, Bldg #21. | 1 | JB | Lump Sum | $ 246,168.00 |
| 0002D | **4th PRIORITY: ADDITIONAL REQUIREMENT #4:** Add complete construction of Three Bedroom Unit, Bldg #22. | 1 | JB | Lump Sum | $ 246,168.00 |
| 0002AE | **5TH PRIORITY: ADDITIONAL REQUIREMENT #5:** Add complete construction of Three Bedroom Unit, Bldg #23. | 1 | JB | Lump Sum | $ 246,168.00 |
| 0002AF | **6TH PRIORITY: ADDITIONAL REQUIREMENT #6:** Add complete construction of Three Bedroom Unit, Bldg #24. | 1 | JB | Lump Sum | $ 246,168.00 |
| 0002AG | **7TH PRIORITY: ADDITIONAL REQUIREMENT #7:** Add complete construction of Three Bedroom Unit, Bldg #25. | 1 | JB | Lump Sum | $ 246,168.00 |

**TOTAL BASIC REQUIREMENT PLUS ADDITIONAL REQUIREMENTS - 0001 – 0002AG** $ 8,133,929.00

# PART I - THE SCHEDULE
## SECTION B

| CLIN | DESCRIPTION | QTY | UNIT | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0003 | **OPTIONAL REQUIREMENT (NVZR 00-3708):** Contractor shall provide all labor, materials and equipment to construct 42 JNCO Military Family Housing Units including roadways, utilities, landscaping, storm water management and waste water at MacDill AFB, FL in accordance with the attached specifications and drawings. **Do not include costs for any of the work described in the Optional Requirements below.** | 1 | JB | Lump Sum | $6,897,248.00 |
| 0004 | **ADDITIONAL OPTIONAL REQUIREMENTS (NVZR 99-3702):** Contractor shall provide a separate cost breakout for the following optional requirements. | | | | |
| 0004AA | **1st PRIORITY: ADD OPTION #1:** Add road and utilities including landscaping complete for Court #7 | 1 | JB | Lump Sum | $ 480,000.00 |
| 0004AB | **2nd PRIORITY: ADD OPTION #2:** Add complete construction of Three Bedroom Unit, Bldg #45 | 1 | JB | Lump Sum | $ 246,168.00 |
| 0004AC | **3rd PRIORITY: ADD OPTION #3:** Add complete construction of Three Bedroom Unit, Bldg #46. | 1 | JB | Lump Sum | $ 246,168.00 |
| 004AD | **4th PRIORITY: ADD OPTION #4:** Add complete construction of Four Bedroom Unit, Bldg #47. | 1 | JB | Lump Sum | $ 268,320.00 |
| 0004AE | **5TH PRIORITY: ADD OPTION #5:** Add complete construction of Three Bedroom Unit, Bldg #48. | 1 Sum | JB | Lump | $ 246,168.00 |
| 0004AF | **6TH PRIORITY: ADD OPTION #6:** Add complete construction of Three Bedroom Unit, Bldg #49. | 1 | JB | Lump Sum | $ 246,168.00 |
| 0004AG | **7TH PRIORITY: ADD OPTION #7:** Add complete construction of Three Bedroom Unit, Bldg #50. | 1 | JB | Lump Sum | $ 246,168.00 |

**TOTAL OPTIONAL REQUIREMENT PLUS ADDITIONAL OPTIONS - 0003 – 0004AG** $8,876,408.00

**GRAND TOTAL FOR CONTRACT LINE ITEM NUMBERS 0001 – 0004AG** $17,010,337.00

American
Renovation &
Construction Company

February 2, 2001

MICHAEL C. GANOS
Contracting Officer
Department of the Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, FL 33621-5000

RE: Construct JNCO Housing, Phase 3 & 4
MacDill AFB, Florida
Contract No. F08602-99-CK006

Dear Mr. Ganos:

Thank you for meeting with ARC on January 25, 2001, and fostering the very open and positive dialog that occurred. I hope that the present relationship will continue to project completion. I trust the recent cure notice issues are resolved to your satisfaction. I advised you that ARC would quantify the estimated overhead associated with the delay identified by previous correspondence and provide that value to you by February 2, 2001. The purpose of this letter is to forward a request for equitable adjustment for the home and field office overhead associated with the 210 calendar days of delays associated with Phase IV of the referenced project, and to request a DCAA audit of the proposed estimated costs. Mr. Oljaca explained that while there were other delays, the 210-day period was a critical path delay that directly impacted and extended the project completion date. The objective of this request for equitable adjustment is to obtain a DCAA audit of ARC's actual overhead rates for the purpose of negotiating compensation for delays and impacts to the referenced project.

Mr. Oljaca justified this 210 calendar days of delay orally in some detail during our meeting of January 25, 2001. ARC's letter with a detailed written justification should be in your office by COB January 31, 2001. Please consider that letter incorporated by reference as if stated in full at this point. Attached, please find a listing of daily field office overhead costs and a calculation of ARC's estimated home office overhead in accordance with the Eicheleay formula. Because of the rather substantial risk associated with this delay, ARC requests a 15% profit markup on its total overhead.

3645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619)-284-8120
Estimating Fax (619) 284-8140 • e-mail americanrenovation@msn.com

In addition, the first four building units required approximately 1,700 man-hours to complete. Once the model was built and the numerous changes were resolved the same type unit required only 700 man-hours to build. A measured mile analysis indicates that approximately 1,000 man-hours per building were caused by the numerous changes to the original design, or more accurately, the lack of any design criteria. Thus, ARC requests compensation at the average carpenter rate of $20.00 per hour burdened, plus overhead and profit. An estimate of this impact cost is attached.

Please consider this letter a request for equitable adjustment in the estimated amount of $1,235,743.89. As agreed in our meeting please refer this request for equitable adjustment to the DCAA for an advisory audit. The majority of the records to support this request are at the MacDill office of ARC, therefore the DCAA field office in that area should be the lead office.

Sincerely,

Tony Dethloff/President

Cc: William L. Bruckner, Atty.

# MACDILL FIELD OVERHEAD

| | |
|---|---|
| SR CONSTRUCTION MANAGER | 4,444.00 |
| PROJECT MANAGER | 7,385.27 |
| PROJECT SUPER | 11,094.07 |
| PROJECT ENGINEER | 3,882.00 |
| ADMINISTRATIVE | 3,913.00 |
| CQC | 5,074.40 |
| SAFETY | 2,912.00 |
| WAREHOUSE MANAGER | 5,763.00 |
| W/C INSURANCE @ .0787 | 3,499.61 |
| LIABILITY INSURANCE | 4,890.00 |
| BUILDER'S RISK INSURANCE | 1,776.00 |
| BOND | 2,506.92 |
| TEAM BUILDING | 49.59 |
| OFFICE TRAILER | 554.98 |
| OFFICE EQUIPMENT | 2,018.00 |
| OFFICE SUPPLIES | 789.00 |
| TOILETS | 520.00 |
| POSTAGE \ FEDEX | 170.05 |
| STORAGE CONTAINERS | 756.00 |
| PHONES | 999.78 |
| CELL PHONES | 290.00 |
| COMMUNICATION EQUIP | 252.82 |
| DRINKING WATER/ICE | 515.98 |
| SUBSISTENCE | 2,211.19 |
| TRAVEL & HOTELS | 2,310.00 |
| EQUIPMENT | 9,308.00 |
| VEHICLES | 1,672.87 |
| FUEL | 1,540.00 |
| DUMPSTERS | 745.00 |
| FENCE | 2,110.00 |
| SMALL TOOLS | 3,600.00 |
| SCAFFOLDING | 6,499.00 |
| PHOTOS | 180.00 |
| MONTHLY TOTAL | 94,232.53 |
| DAILY TOTAL | 3,141.08 |

| | |
|---|---|
| FIELD OFFICE OVERHEAD | 3,141.08 |
| HOME OFFICE OVERHEAD (22%) | 1,511.11 |
| TOTAL ESTIMATED DAILY RATE | 4,652.19 |
| MULTIPLIED BY 210 CALENDAR DAYS | 976,959.90 |
| 15% PROFIT | 146,543.99 |
| SUBTOTAL REQUESTED | 1,123,503.89 |
| ADDITIONAL LABOR COST: | |
| 4,000 HOURS @ $20.00 PER HOUR | 80,000.00 |
| 22% OVERHEAD | 17,600.00 |
| 15% PROFIT | 14,640.00 |
| TOTAL ADDITIONAL LABOR | 112,240.00 |
| TOTAL REQUESTED | 1,235,743.89 |

Dec 10 01 08:35p sage construction consult 619 445 3972 p.2
Dec 10 01 11:57a Soltek Pacific 6192967109 p.2
703-893-8039 @002
10/12 '01 11:51 FAX 8138283667 6 CONS LGCC

DEPARTMENT OF THE AIR FORCE
6TH AIR MOBILITY WING (AMC)
MACDILL AIR FORCE BASE, FLORIDA

10-Dec-01

MEMORANDUM FOR: American Renovation & Construction Company
Attn: Tony Dethloff
3645 Camino Del Rio South
San Diego, CA 92108-4004

FROM: 6th Contracting Squadron/LGCC
Attn: Diane Wheeler
2606 Brown Pelican Ave.
MacDill AFB, FL 33621-5000

SUBJECT: Claim Counteroffer, Contract No. F08602-99-CK006, Replace NCO Housing, Phase III & IV

1. We have completed an evaluation of your request for compensation for 210 plus days as a result of alleged defective plans, specifications, labor efficiencies, as well as excusable and concurrent delays. As a starting point, we focused on those events that occurred at the time modification P00011 was issued. As you will recall, your request for an equitable adjustment was submitted following our negotiation of modification P00011 for additional work, and your declination to sign a release of claims related to the substance of the modification and other matters. We want to offer you a settlement based upon the supporting information and documentation that you have provided, and the hope that this action will allow all to turn our attention to successful completion of the construction of housing units. We hereby offer you a compensation period of 45 days for excusable delays and an extension of the completion dates for both housing phases to 1 Jul 02. Considering the latest DCAA compiled rate of $4,112.22/day, we therefore offer you a total claim compensation amount of $185,049.90.

2. We acknowledge that there have been some excusable delays as well as concurrent contractor-caused delays. The significant excusable delay regards a lack of communication during the sewer redesign period. Accordingly, if an event that would constitute an excusable cause of delay in fact occurs, and if that event in fact delays the progress of the work as a whole, you are entitled to an extension of time for so much of the ultimate delay in completion as was the result or consequence of that event. However, the government isn't responsible for compensating you for delays in progress of the work covered by a lack of diligence, lack of planning, or some other inexcusable omission on your part. Even though you can establish that an event or occurrence was unforeseeable, beyond your control, and occurred without your fault or negligence, you aren't entitled to an excusable delay unless you can prove that you were actually delayed in the performance of the work. Since there are forty separate buildings on this project instead of only one structure, all major tradesmen could have been easily detailed to different buildings that have various stages of production and weren't affected by the delay. Additionally, it isn't sufficient to

establish that some work was prevented. The work prevented must be work that will delay the overall completion of the job.

3. You have the burden of proof that project delays were caused by excusable delays. Your presentation of a prima facie case of delay was substantially deficient. Instead of stating that specific events happened that affected your critical path, you merely stated what had occurred on-site and prepared a "comfort level" scenario that didn't take into consideration the contractual completion dates. In order to ascertain the facts of delay that would support your claim, I was obligated to gather facts surrounding the delay and in "good faith" went beyond the facts peculiarly within your own knowledge or control. For example, the majority of the information I discovered didn't illustrate, quantify, and substantiate your claim because they were duplicates of construction taskings that had already been done in phase III and were to be repeated in phase IV. You have taken many liberties with the facts in trying to prove the extent of issues as opposed to your inherent contract risk. Even though not contractually required, Critical Path Method (CPM) scheduling is often used by parties to resolve causation, Blinderman Construction Co., ASBCA 20725, 77-2 BCA 12,723 (1977). Your purported CPM analysis wasn't employed in an accurate manner and was inconsistent with events that actually occurred on the job. In accordance with contract clause 52.233-1 Disputes (i) "The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under the contract, and comply with any decision of the Contracting Officer." Your diligence with the performance of this contract has been inadequate.

4. Your lack of personnel engaged on the job site is quite evident compared to other ongoing multiplex housing projects in South Tampa. Two complete housing projects of similar size were built in less than one year and there were no shortages of personnel on their job sites. In your case, no excusable cause has contributed to the labor shortage. The labor shortage you experienced was a market condition of which you assumed the risk at the time of making the contract and the assumption of which was in your control. The degree of contractor risk assumption in this area is underscored in Stephen J. Yarling, AGBCA 382, 75-2 BCA 11,540 (1975), where the board stated at 55,081-82 that, "Courts and boards have held that failure to employ or retain the services of qualified personnel necessary to perform the contract is not beyond the control and without the fault or negligence of the contractor within the meaning of the default clause." Additionally, detailing employees to accomplish $353K of work during the alleged delay for Chugach Management Services and other activities doesn't corroborate your claim.

5. We have spent countless hours reviewing your claim information. At our discretion, we may grant an extension that is longer, shorter, or of the same duration as the delay period. We can only allow you to recover as damages the amount of overhead on a daily basis allocable to the period of overrun for which the government is responsible. Please note that the waiver of the original completion date by forbearance from default action and the subsequent establishment of a new completion date doesn't preclude assessment of liquidated damages beginning at the original completion date, McDonough Construction Co. of Louisiana, Inc., DOTCAB 76-10, 78-1 BCA 12,930 (1978).

6. Unless you can provide additional information that addresses alluded to delays that occurred after 11 Sep 01, we shall consider this proposed settlement amount to cover all outstanding excusable delays. We await a response from you by 21 Dec 01.

7. If you have any questions, please contact Diane Wheeler at (813) 828-7454 or the undersigned at 828-7484.

BENJAMIN KOSSES
Contracting Officer

cc: St. Paul Fire

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
7929 Westpark Drive, Suite 400
McLean, Virginia 22102-4224
Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

John B. Tieder, Jr.
Robert G. Watt
Julian F. Hoffar
Robert M. Fitzgerald
Robert K. Cox
Lewis J. Baker
Wayne G. Tatusko
Richard G. Mann, Jr.
Henry D. Danforth
Carter B. Reid
Mark A. Sgarlata
Michael G. Long*
Edward J. Parrott
Steven J. Weber
Paul A. Varela
Vivian Katsantonis
Kathleen O. Barnes
Shelly L. Ewald
Christopher J. Brasco
John G. Lavoie
Robert C. Niesley*
Colin J. Smith
Jean V. Miller
Gregory J. Dukellis*
Fred A. Mendicino
William J. Burch*
Michael D. Germain*
Robert G. Barbour
Keith C. Phillips
Marybeth Z. Gaul
Timothy E. Heffernan*
W. Drew Mallender
James M. Donahue
Bennett J. Lee
Todd R. Metz
Michael R. Gandee*
Michael P. Hutchins*
Jeffrey J. Renzulli
Joseph S. Guarino
Lewis I. Askew, Jr.
Erica S. Beardsley
Erica B. Robinett*
David F. McPherson*
Harish Mirchandani
David R. Johnson*
Scott W. Kowalski
C. Kelly Skrabak
J. Brian Cashmere
Joseph C. McGowan*
Daniel J. Alexander*
Geoffrey A. Graves*
C. William Groscup
John R. Marking*
Nicholas M. Sarris
Sherri D. Martinelli*
David E. Nemeth, Jr.*
Christopher M. Anzidei
Michelle G. Hicks
Laura A. Shelkey
Akin Alcitepe
Jason D. Blatt
Alexander N. Lamme
Timothy E. Elliott*
James M. Phelps
Eric L. Yeo
Justin S. Hawkins
Arnie B. Mason
Matthew E. Vinciguerra
Kirk J. McCormick
Elizabeth A. O'Gara
Howard J. Manheimer*

*Not Admitted in Virginia

Writer's Direct Dial
No. 703/749-1022

July 26, 2002

***Via Hand Delivery***

Benjamin Kosses, Contracting Officer
Department of the Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, FL 33621-5000

| | | |
|---|---|---|
| Re: | Subject: | Amended Claim Submission |
| | Principal: | American Renovation and Construction Company ("ARC") |
| | Surety: | St. Paul Fire and Marine Insurance Company ("St. Paul") |
| | Obligee: | United States Air Force |
| | Project: | JNCO Housing, MacDill AFB; Contract F08602-99-CK006 |

Dear Mr. Kosses:

As you know, this law firm represents the Surety, St. Paul Fire and Marine Insurance Company ("St. Paul"), its Principal, American Renovation and Construction Company ("ARC"), and First Union National Bank ("FUNB"), in the above-referenced matter. On behalf of our clients, we hereby submit an amended claim for time extensions and additional compensation with respect to the above-referenced Project.

ARC had submitted a claim to the Government in February 2001, requesting a time extension of 210 days and additional compensation in the amount of $1,235,744 (amended to $1,511,511) primarily due to deficiencies in the Government-furnished design. In its response, by letter dated December 10, 2001, the Government offered to increase the Contract Price by $185,049.90 to compensate ARC for 45 days of the 210 delay days claimed at the DCAA-compiled daily rate of $4,112.22. The Government also extended the Contract completion date unilaterally until July 1, 2002, by Contract Modification No. 15. In its December 10, 2001 letter, the Government asserted that ARC had not presented an acceptable schedule analysis to support its request for time extension. The Government did, however, permit ARC to submit additional information to support its claim, as well as any additional claims that ARC intended to assert against the Government.

The purpose of this Amended Claim Submission is to address the concerns that the Government expressed in its response to ARC's original February 2001 claim submission and to present all of ARC's claims against the Government that have arisen to date. Accordingly, ARC requests an additional time extension of 218 calendar days, extending the Contract completion date to February 4, 2003. ARC also requests additional compensation, in the amount of $4,190,858, due to design deficiencies, changes, and 529 days of compensable delay. This amended claim submission includes: (i) a detailed entitlement narrative; (ii) a delay analysis using the Critical Path Method (CPM) of scheduling that establishes the excusable and compensable delays for which the Government is liable; (iii) a detailed quantum analysis in support of ARC's claim for additional compensation; and (iv) supporting exhibits. In addition, ARC's subcontractors on the Project have notified ARC of their intent to submit claims for additional costs and time attributable to the Government's acts and omissions which significantly delayed completion of the Project. ARC reserves its right to further supplement this claim to include the claims of subcontractors or to amend any claims set forth herein.

Pursuant to the Contract Disputes Act, we have enclosed a claim certification by Mr. Anthony Dethloff, President of ARC. We request that you issue a final decision regarding ARC's certified claim, as Contracting Officer, within the 60 day period specified in FAR 52.233-1. However, we suggest a meeting with you and the appropriate Government representatives and attorneys before the expiration of the 60 day period so we can (i) respond to any questions or issues you may have concerning the Amended Claim and (ii) determine whether a fair and equitable settlement can be achieved.

Please feel free to contact me if you have any questions or need additional information. We look forward to an opportunity to resolve this matter to the mutual benefit of all parties.

Very truly yours,

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**

Robert G. Watt

Robert G. Watt

Enclosures

cc: Richard L. Levesque, Esq., St. Paul
Mr. Anthony Dethloff, ARC
Mr. Steve Thompson, Soltek Pacific
Ms. Greta Wright, FUNB

**CERTIFICATION**

I hereby certify on behalf of American Renovation and Construction ("ARC") that ARC's Amended Claim Submission, dated July 24, 2002, in the amount of $4,190,858, pertaining to Contract No. F08602-99-CK006, is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment for which ARC believes the Government is liable, and that I am duly authorized to certify the claim on behalf of the contractor.

Dated: This 24th day of July, 2002.

AMERICAN RENOVATION AND
CONSTRUCTION COMPANY

[signature]

Anthony Dethloff
President

Harish M.

DEPARTMENT OF THE AIR FORCE
6TH AIR MOBILITY WING (AMC)
MACDILL AIR FORCE BASE, FLORIDA

| Post-it® Fax Note 7671 | Date | # of pages ▶ |
|---|---|---|
| To Bob Watt | From Dave Carlin | |
| Co./Dept. Armand | Co. | |
| Phone # Fournier | Phone # | |
| Fax # | Fax # | |

29 Jul 02

MEMORANDUM FOR AMERICAN RENOVATION AND CONSTRUCTION
3645 Camino Del Rio South
San Diego, CA 92108-4004

FROM: 6 CONS/CC
2606 Brown-Pelican Ave.
MacDill AFB, FL 33621-5000

SUBJECT: Final Decision, Termination for Default
Contract F08602-99-CK006, Construct MFH, Phase III and IV

1. Your right to proceed with subject contract is hereby terminated for default in accordance with contract clause I-702, FAR 52.249-10 Default (Fixed-Price Construction) (Apr 1984).

2. American Renovation and Construction Company's progress has failed to complete the contract by the completion date established by the contract, its proposed revised schedule, or the revised date established by the government. American Renovation and Construction Company's failure to perform is not excusable, and our notice of termination constitutes such decision.

3. The services terminated may be purchased against your account and you will be held liable for any excess costs. The government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs. American Renovation and Construction Company has the right to appeal such decision under the Disputes clause.

4. This notice is effective upon receipt. You are hereby directed to stop all operations associated with this project and depart MacDill AFB immediately. All material and equipment shall remain on site. You are allowed to remove personal property only from this installation. All base passes will be returned to the Contracting Officer.

5. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals [Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, Falls Church, VA

22041-3208] and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. § 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

5. You may contact Mr. Benjamin Kosses, Contracting Officer, should you have any question regarding this notice.

Richard T. Fuentes

RICHARD T. FUENTES, Lt Col., USAF
Termination Contracting Officer

cc
St. Paul Fire & Marine Insurance Co.
First Union National Bank

Hand-carried to site and accepted by: David A. Carlin

witness Dennis D Wood

witness Thomas L. Overman

witness [signature]