**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant** | ) | **Case No. 03-1798C**<br>**(Chief Judge Damich)** |

**UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE PARTIES' JPSR, PURSUANT TO THE PARTIES' AGREEMENT TO ATTEMPT A NEGOTIATED SETTLEMENT**

COMES NOW the Plaintiff, American Renovation & Construction Company ("ARC" or "Plaintiff"), by counsel, and pursuant to discussions with, and the concurrence of, counsel for the Defendant, The United States of America (the "Government"), requests leave of the Honorable Court to supplement the parties' Joint Preliminary Status Report ("JPSR") (to be filed on January 16, 2004), with respect to the requirements of paragraphs 7(e) and 7(g) of the Court's Standard Special Procedures, upon conclusion of the parties' agreed Alternative Dispute Resolution efforts. As grounds for this unopposed motion, Plaintiff states as follows:

1. This action arises out of the Government's termination for default of a construction contract with Plaintiff, pursuant to a final decision of the Government's Contracting Officer.

2. Prior to the default termination, Plaintiff submitted to the Government a Request for Equitable Adjustment of the contract duration by 529 calendar days and an increase of the contract price by $4,190,858 (the "Request"). Plaintiff requested a meeting with the Government's Contracting Officer to negotiate the Request. The Government Contracting Officer agreed to meet with Plaintiff following an audit of Plaintiff's cost records by the DCAA.

3. Plaintiff's Request for Equitable Adjustment and the Defendant's final decision terminating Plaintiff's contract arise out of the same operative facts relating to Project delays.

4. During the one-year period following submission of Plaintiff's Request and the default termination decision by the Government, Plaintiff's cost records were audited by the DCAA. However, due to successive changes of Contracting Officers for the Project, the parties were unable to schedule the agreed settlement meeting.

5. Plaintiff initiated the present action within one year of the final decision terminating Plaintiff's contract.

6. Thereafter, the Government's Contracting Officer deferred the resolution of Plaintiff's Request for Equitable Adjustment to the Department of Justice counsel in this case.

7. The parties, by counsel, have agreed to schedule a settlement meeting to attempt a global resolution of all matters pertaining to the underlying Project, i.e, Plaintiff's Request for Equitable Adjustment and the Government's termination of Plaintiff's contract.

8. The parties have also agreed to consider an informal exchange of information needed by either party to prepare for the settlement meeting.

9. The parties wish to avoid the significant costs that would be required to engage in formal discovery procedures and the voluminous exchange of lists and other disclosures set out in RCFC 26(a)(1), considering the nature and size of the dispute. Given the parties' mutual agreement to attempt a negotiated settlement and to exchange any necessary information informally, the parties believe it may become unnecessary to expend these costs. Therefore, the parties believe it is premature to plan the formal discovery process, as set forth in paragraph 7(e) of the Court's Standard Special Procedures, and to engage in the exchanges and disclosures described in paragraph 7(g) of the Court's Standard Special Procedures.

10. The parties have agreed to engage in settlement discussions during the week of March 8, 2004 and to exchange any necessary information sufficiently in advance of the discussions.

11. In the event the parties are not successful in achieving a negotiated settlement that fully resolves the parties' disputes relating to the contract at issue, the parties propose to supplement the JPSR, in accordance with paragraphs 7(e) and 7(g) of the Court's Standard Special Procedures on or before March 31, 2004.

WHEREFORE Plaintiff, American Renovation and Construction Company, with the concurrence of counsel for the Defendant, The United States of America, who has reviewed and approved this Motion before filing, respectfully requests

leave of the Honorable Court to Supplement the parties' JPSR on or before March 31, 2004.

Respectfully submitted this 16th day of January 2004.

AMERICAN RENOVATION AND
CONSTRUCTION COMPANY

By Counsel:

s/- Robert G. Watt
ROBERT G. WATT
By: HARISH C. MIRCHANDANI
Watt, Tieder, Hoffar & Fitzgerald, LLP
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
Ph: (703) 749-1000
Fax: (703) 893-8029
rwatt@wthf.com

Of Counsel:

HARISH C. MIRCHANDANI
Watt, Tieder, Hoffar & Fitzgerald, LLP
7929 Westpark Drive, Suite 400
McLean, Virginia 22102
Ph: (703) 749-1000
Fax: (703) 893-8029
hmirchan@wthf.com

CERTIFICATE OF FILING

I hereby certify that on January 16, 2004, a copy of the foregoing UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE PARTIES' JPSR, PURSUANT TO THE PARTIES' AGREEMENT TO ATTEMPT A NEGOTIATED SETTLEMENT was filed electronically. I understand that a copy of the Unopposed Motion will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harish C. Mirchandani