**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,** | |
| **Plaintiff,** | **Case No. 03-1798C (Chief Judge Damich)** |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant** | |

**JOINT STATUS REPORT**

Plaintiff, American Renovation & Construction Company ("ARC" or "plaintiff") and the defendant, the United States, by counsel, and pursuant to the Court's Order dated August 24, 2004, submit this Joint Status Report, stating as follows:

1. Plaintiff, ARC, filed the complaint in this case on July 28, 2003.

2. Defendant, the United States, filed its answer on November 25, 2003.

3. The parties filed a joint preliminary status report ("JPSR") on January 16, 2004. Concurrent with the JPSR, ARC also filed an unopposed motion for leave to supplement the JPSR at a later date, with respect to the requirements of paragraphs 7(e) and 7(g) of the Court's Standard Special Procedures, pursuant to the parties' agreement to attempt a negotiated settlement (the "Motion").

4. By mutual agreement, the parties have been attempting to negotiate an amicable resolution of all their disputes relating to the construction project at issue in this case. Following the parties' submission of the JPSR, the Court has granted the parties three continuances to allow the parties time to pursue alternative dispute resolution methods.

5. By order dated August 24, 2004, following a telephone status conference with counsel, the Court allowed the parties until October 22, 2004 to pursue informal discovery and until October 25, 2004 to submit this joint status report.

6. Representatives of the parties met initially on March 8, 2004 and mutually agreed to attempt a negotiated settlement of their disputes. The parties agreed to exchange certain information informally in order to facilitate further settlement negotiations.

7. Following further discussions, the parties agreed upon the scope of the informal document production. On or about June 30, 2004, plaintiff produced documents requested by the Defendant. On or about August 18, 2004, defendant requested the Defense Contract Audit Agency ("DCAA") produce copies of documents that plaintiff had previously provided to DCAA pursuant to an audit review of the project records. Defendant received the requested documents from DCAA on September 15, 2004.

8. Defendant has engaged the services of scheduling and accounting consultants, who have been reviewing plaintiff's July 26, 2002 request for equitable adjustment, the documents that plaintiff has produced informally, and the documents furnished by DCAA. The defendant's consultants completed their initial review of the request for equitable adjustment and these documents by approximately October 22, 2004.

9. During the week of October 25, 2004, defendant will provide plaintiff a list of questions, requests for clarifications, and/or comments relating to plaintiff's claims in order to prepare for further discussions.

10. Plaintiff will also supplement its June 26, 2002 request for equitable adjustment to incorporate subsequent cost proposals and issues that arose on the construction project in order to attempt a global settlement of all disputes relating to the project.

11. Based on the time required for the informal document production, review and analysis of the pertinent documents and issues, and the logistics of coordinating the schedules of the party representatives, outside consultants, and counsel, the earliest possible date for continuing settlement negotiations is November 9, 2004.

12. The parties hereby jointly propose the following scheduling plan for proceeding with litigation, in the event that settlement negotiations are not successful. Specifically, in accordance with paragraph 7(e) of the Court's August 18, 2003 Standard Special Procedures, the parties propose the following discovery plan:

(a) Document discovery has proceeded informally to-date. The parties anticipate that the procedure will be formalized and document production completed within three months.

(b) Dispositive motions could be filed after conducting limited discovery on a particular issue and the parties reserve their respective rights to file such motions.

(c) The parties do not anticipate conducting the discovery in phases or segregating liability issues. Rather, the parties propose to conduct discovery cumulatively on all issues in the case.

(d) The parties anticipate completion of all fact discovery within six months.

(e) The parties propose to exchange expert reports within one month after the close of fact discovery and to make the experts available for deposition within one month after the exchange of reports.

(f) The parties presently reserve their right to move for summary judgment upon one or more issues. The parties propose that motions for summary judgment will be filed within one month after the time period allowed for expert depositions.

13. Based on the foregoing proposed schedule, the parties estimate that this case should reasonably be expected to be ready for trial within eleven months. At this time, the parties anticipate approximately three to four weeks to try this case to judgment.

14. The parties have met and conferred pursuant to Appendix A, 3 of the Rules of the Court of Federal Claims ("RCFC"). In the event the parties' settlement negotiations are not successful, respective counsel propose to exchange the RCFC 26 disclosures, any computation of damages, and any further estimates of the time frame and litigation costs by November 30, 2004.

Respectfully submitted,

s/ Harish C. Mirchandani
HARISH C. MIRCHANDANI
Watt, Tieder, Hoffar & Fitzgerald, L.L.P
8405 Greensboro Drive, Suite 100
McLean, VA 22102
Tel. (703) 749-1000
Fax. (703) 893-8039

Attorney for Plaintiff
DATED: October 25, 2004

Of Counsel:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Robert E. Kirschman
ROBERT E. KIRSCHMAN, JR.
Assistant Director

ROBERT G. WATT
Watt, Tieder, Hoffar & Fitzgerald, L.L.P
8405 Greensboro Drive, Suite 100
McLean, VA 22102
Tel. (703) 749-1000
Fax. (703) 893-8039

s/ Michael N. O'Connell
MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 305-3634
Fax. (202) 514-8624

Attorneys for Defendant
DATED: October 25, 2004

CERTIFICATE OF FILING

I hereby certify that on October 25, 2004, a copy of the foregoing Joint Status Report was filed electronically. I understand that a copy of the Joint Status Report will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell