ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 19 2004
U.S. COURT OF FEDERAL CLAIMS
By leave of the Judge

| | | |
|---|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **CLASSICAL FINANCIAL SERVICES, LLC,** | ) | |
| **Intervenor,** | ) | **CIVIL ACTION FILE NO. 1:03-CV-01798-EJD** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

---

**CLASSICAL FINANCIAL SERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFF**

---

COMES NOW Intervenor Classical Financial Services, LLC ("Classical Financial" or "Intervenor") and submits this brief in support of its Motion to Intervene as Plaintiff in the above-styled action.

## I. PRELIMINARY STATEMENT

During the formation of the contract between Plaintiff and the Government forming the basis of this lawsuit, Intervenor was the primary lender to Plaintiff. In that capacity, Intervenor obtained an assignment of Plaintiff's right to payment under the underlying contract, and Intervenor obtained a security interest in all of Plaintiff's general intangibles, which includes Plaintiff's claims in this action and any recoveries therefrom. Recently, Intervenor has obtained a judgment in the amount of $17 million against Plaintiff. Based on the above facts, Intervenor has a protectable interest in the present lawsuit and should be entitled to intervene as a matter of

right under R.C.F.C. 24(a)(2). In the alternative, Intervenor should be permitted to permissively intervene under R.C.F.C. 24(b).

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiff's Claim Against the Government

On or about March 31, 1999, Plaintiff American Renovation and Construction Company ("ARC" or "Plaintiff") entered into a contract (Contract No. F08602-99-CK006; hereinafter, the "Contract") with Defendant United States of America, Department of the Air Force (the "Government") for the provision of construction services on a project known as Construct JNCO Family Housing Units, Phases III and IV, MacDill Air Force Base, Florida (the "Project"). On or about July 28, 2003, Plaintiff filed the above-captioned action against the Government asserting claims for damages arising out of the Contract. Plaintiff's Complaint asserts separate counts for breach of contract, wrongful default termination, and wrongful termination and seeks damages in an unspecified amount. (See Intervenor's Complaint, Exhibit "A" thereto.)

### B. Intervenor's Loan to Plaintiff

On or about July 15, 1996, Plaintiff and Classical Receivables Funding Company, LLC ("Classical Receivables" or "Lender"), as predecessor-in-interest of Intervenor, entered into a written loan agreement (the "Loan Agreement") whereunder Classical Receivables agreed to advance funds to Plaintiff from time to time (the "Loan") in accordance with the terms of the Loan Agreement and related documents. (See Intervenor's Complaint, Exhibit "B" thereto). Pursuant to the Loan Agreement, Classical Receivables advanced funds to Plaintiff over a period of several years, and Plaintiff executed and delivered a series of promissory notes evidencing Plaintiff's indebtedness to Classical Receivables, including without limitation a promissory note in the amount of $2,000,000 dated July 25, 1996, a note in the amount of $7,500,000 dated

August 24, 1998, and a note in the amount of $15,000,000 dated August 17, 1999 (collectively, the "Notes"). (Intervenor's Complaint, Exhibits "C," and "D" thereto.)

To secure its obligations under the Loan Agreement and Notes, Plaintiff executed and delivered to Classical Receivables an Assignment and Security Agreement (the "Assignment and Security Agreement"). (Intervenor's Complaint, Exhibit "E" thereto.) In paragraph 1 of the Assignment and Security Agreement, ARC assigned to Classical Receivables and granted Classical Receivables a security interest in all of its right, title and interest in, *inter alia*, the following: (a) certain contracts with third parties, including without limitation all amounts due to Classical Receivables through claims for breach of contract; (b) accounts receivable and all other rights to payment of money which arise from contracts for the sale of goods or services; (c) all general intangibles of Plaintiff, including without limitation choses in action and causes of action; and (d) the proceeds of the above-referenced collateral, including recoveries due by reason of payment, collection or settlement. The above-described security interest applies to Plaintiff's interest in the Contract and any proceeds or receivables based thereon and Plaintiff's causes of action asserted in this lawsuit, including any recovery therefrom through whatever means.

On or about August 22, 1999, Classical Receivables assigned to Intervenor all right, title and interest in the Loan Agreement, Notes and Assignment and Security Agreement. (Intervenor's Complaint, Exhibit "F" thereto.) Intervenor is therefore the successor-in-interest to Classical Receivables with respect to the Loan and all documents, agreements and security interests relating thereto.

As an inducement for Intervenor to advance additional funds to Plaintiff under the Loan Agreement, on or about September 16, 1999, Plaintiff assigned to Intervenor all of its right, title

and interest to all payments and proceeds owing from the Government under the Contract. (Intervenor's Complaint, Exhibit "G" thereto.)

### C. Plaintiff's Default on the Loan and Intervenor's Judgment Against Plaintiff

Plaintiff defaulted under the terms of the Loan Agreement, Notes and Assignment and Security Agreement by, *inter alia*, failing to pay its indebtedness thereunder upon demand by Intervenor. Intervenor declared the Loan and all related documents to be in default, and said defaults have never been cured.

On or about May 2, 2000, Intervenor instituted a civil action against Plaintiff in the United States District Court for the Northern District of Georgia, styled Classical Financial Services, LLC v. American Renovation and Construction Company, Inc., et al., Civil Action File No.: 1:00-CV-1114-WBH (the "Georgia Lawsuit"), seeking, *inter alia*, damages for amounts Classical Financial claimed due and owing pursuant to the Loan Agreement and Notes. The Court in the Georgia Lawsuit entered a Final Consent Order and Judgment on or about August 31, 2004, that included a money judgment against ARC and in favor of Intervenor on Intervenor's claim on the Note in the amount of $17,000,000.00 (the "Consent Judgment"). (Intervenor's Complaint, Exhibit "H" thereto.)

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. Intervenor Should be Permitted to Intervene as a Matter of Right.

Under R.C.F.C. 24(a), an applicant should be permitted to intervene as a matter of right upon meeting the following elements:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair the applicant's ability to



183499

> protect that interest, unless the applicant's interest is adequately represented by existing parties.

As shown in more detail below, Intervenor has satisfied all of the requirements for Rule 24(a)(2) Intervention.

**1. Classical Financial's Motion to Intervene is Timely.**

Rule 24(a) of the R.C.F.C. requires that an application to intervene be "timely." However, as the Fifth Circuit has pointed out,

> "Timeliness" is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.

McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970). The present action was initiated on behalf of ARC on July 28, 2003. Since the filing of the action, nothing of substance has occurred in the case other than an informal exchange of information and documents and some settlement negotiations. (See Joint Status Report, October 24, 2004). The parties have not even begun formal discovery, and they anticipate that the case will be ready for trial in approximately eleven months. (Id.) Thus, no party would be prejudiced by the intervention of Intervenor at this point in the case. Moreover, Intervenor's claims are partly based upon the judgment entered in its favor against Plaintiff on August 31, 2004, so Intervenor's rights did not fully mature until recently. "Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper at any time before judgment." Lalic v. Chicago Burlington & Quincy Railroad Co., 263 F. Supp. 987 (1967). Accordingly, Intervenor's application, being premised on its position as the assignee of the underlying contract and holder of a security interest and judgment lienholder, is undoubtedly timely since this case has not yet reached judgment.

**2. Intervenor has an Interest in the Property and Transaction Forming the Basis of this Action.**

As the assignee of the underlying Contract and the holder of a security interest and judgment lien as to Plaintiff's claims in this action and any and all proceeds thereof, Intervenor undoubtedly "claims an interest relating to the property or transaction which is the subject of the action", thereby satisfying that requirement of Rule 24(a). "The Supreme Court has embraced a broad definition of the requisite interest, see Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L. Ed. 2d 814 (1967), describing it as one which is 'significantly protectable,' Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L. Ed. 2d 580 (1971)." Lake Investors Development Group, Inc. v. Egidi Development Group, 715 F.2d 1256 (1983). In Lake Investors, the Seventh Circuit held that the assignee and holder of a security interest in a contract had a sufficiently "direct and substantial" interest in an action based upon that contract to intervene in the action as a matter of right. Id., at 1259. Similarly, Intervenor's right to an assignment of the proceeds of the contract underlying this case, as well as Intervenor's security interest in any and all of Plaintiff's intangible assets, including any accounts receivable or choses in action, clearly gives Intervenor such an interest in the underlying subject matter of this lawsuit as to justify intervention as a matter of right.

The fact that Intervenor is a judgment creditor, as well as a secured creditor, of Plaintiff only bolsters its right to intervene.

> Courts have held that creditors or judgment creditors of a party to an action may intervene to assert a lien on any proceeds or to claim their share of the proceeds of the action. See e.g., Securities and Exchange Commission v. Flight Transportation Corporation, 699 F.2d 943 (8th Cir. 1983) (Lessor, which leased two airplanes to corporation and which had unliquidated claim against corporation, was entitled to intervene in SEC enforcement action against corporation where corporation had no assets other than the monies which the SEC sought to have disgorged to defrauded investors); Piambino v. Bailey, 610 F.2d 1306 (5th Cir.) (Compliance officer

> of a restitutionary fund set up in a state action against pyramid sales corporation was entitled to intervene in a federal antitrust and securities class action against the corporation), cert. denied 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980); *1209 Federal Deposit Insurance Corp. v. Eagle, 527 F.2d 1339 (9th Cir. 1975) (In an action brought by a federal creditor to set aside, as a fraud on it, the debtor's transfer of an interest in real property, the transferee's state court judgment creditors, who executed on the transferee's interest in the property and bought it at a sheriff's sale, were entitled to intervene in the action); Peckham v. Family Loan Co., 212 F.2d 100 (5th Cir. 1954) (Judgment creditor of one defendant could intervene in a fraudulent transfer action by another judgment creditor against this defendant and others); In re Lionel Corp., 38 B.R. 679 (S.D.N.Y. 1984) (Whether as a matter of right or as a matter of discretion, applications of an official committee of unsecured creditors and a committee of equity holders for leave to intervene in a debtor-in-possession's adversary proceeding seeking declaration that it was not obligated to effectuate sale of stock in subsidiary was granted).

Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd., 658 F.Supp. 1205 (S.D.N.Y. 1987). Thus, Intervenor has clearly satisfied the "interest" element of Rule 24(a).

### 3. Intervenor's Ability to Protect its Interest Would be Impaired or Impeded by Disposition of this Action Without Intervenor's Participation.

As shown herein, Intervenor has an interest in the outcome of this litigation in that it has assignment, security interest and judgment lien rights as to the Contract, Plaintiff's cause of action, and any and all proceeds and recoveries therefrom. In other words, Intervenor contends it is entitled to any money recovered from the Government in this action, either from settlement or judgment, to be applied to the satisfaction of the $17 million debt owed to Intervenor by Plaintiff. Upon information and belief, Plaintiff is no longer actively doing business, and this action is Plaintiff's only known asset. Accordingly, the recovery in this action is probably Intervenor's only chance at recovering any amounts in repayment of the Loan debt, which was liquidated into Intervenor's $17 million judgment against Plaintiff. Accordingly, Intervenor's interest will be significantly impaired if it is not entitled to be involved in the litigation and

resolution of Plaintiff's only remaining asset. For instance, if Intervenor is not allowed to be involved in this action, Plaintiff could settle the case at an improperly low amount, or Plaintiff could refuse to settle at a reasonable amount and risk recovering nothing by continuing to litigate. Furthermore, once the contract suit proceeds to judgment, Plaintiff's security interest in the contract rights will be forever destroyed. In Lake Investors, the Seventh Circuit held that the intervening secured creditor's interest in that case was potentially impaired for the same reasons espoused herein. 715 F.2d at 1260. Likewise, this Court should find that Intervenor's interest would be impaired by its exclusion from this lawsuit.

**4. Intervenor's Interests Will Not be Adequately Protected by the Current Parties.**

Finally, Intervenor's interest will not be adequately protected by either of the existing parties. With regard to Plaintiff, there is absolutely no reason to believe that Plaintiff will adequately protect Intervenor's interest. Plaintiff unilaterally stopped repaying the Loan from Intervenor in 2000, and since then Plaintiff and Intervenor have been adverse in at least three lawsuits, including the Georgia Lawsuit that culminated in the $17 million judgment. Furthermore, Intervenor's and Plaintiff's ultimate objectives are different. Intervenor, of course, wants to use a recovery from this Lawsuit to salvage some payback of Plaintiff's debt. Plaintiff on the other hand, has never shown any willingness to voluntarily repay its debt to Intervenor, so Plaintiff would likely seek to recover from the Government without paying any portion of the recovery to Intervenor. Again, in Lake Investors, the Seventh Circuit found similar facts as those in this case warranted a determination that the intervening creditor's interest could not be adequately represented by another party, and the Court in this case should reach the same conclusion. Id. at 1261.

**B. <u>In the Alternative, Intervenor Should be Permitted to Permissively Intervene Under R.C.F.C. 24(b)</u>.**

Based on the facts and arguments set forth above, Intervenor should, at the very least, be allowed to permissively intervene even if the Court determines that the elements necessary for intervention of right are not met. R.C.F.C. Rule 24(b) permits intervention, in the Court's discretion, when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Because Intervenor's security interests in the Contract and related claims are only as good as the merits of Plaintiff's claims against the Government, the facts and law relating to Intervenor's claim and the main claim are virtually identical. Moreover, because this case is still in the early phases of litigation, the intervention by Intervenor will certainly not unduly delay or prejudice the adjudication of the rights of Plaintiff and the Government.

Respectfully submitted this 8th day of November, 2004.

William C. Collins, Jr.
Georgia Bar No. 178847
Kwende B. Jones
Georgia Bar No. 041155
Attorneys for Intervenor
Classical Financial Services, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **CLASSICAL FINANCIAL SERVICES, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFF** has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 8th day of November, 2004:

Harish Chellaram Mirchandani
Watt, Tieder, Hoffar & Fitcgerals, LLP
7929 West Park Drive, Suite 400
McLean, VA 22102

Michael N. O'Connell, Jr.
U. S. Department of Justice
Commercial Litigation Branch
1100 L Street, N.W., A Floor
Washington, DC 20530

William C. Collins, Jr.
Georgia Bar No. 178847
Kwende B. Jones
Georgia Bar No. 041155

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244