IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,**<br><br>**Plaintiff,**<br><br>**CLASSICAL FINANCIAL SERVICES, LLC,**<br><br>**Intervenor,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **CIVIL ACTION**<br>**FILE NO. 1:03-CV-01798-EJD** |

## INTERVENOR'S COMPLAINT

COMES NOW Intervenor Classical Financial Services, LLC ("Classical Financial" or "Intervenor"), by and through its undersigned counsel, and as its Intervenor's Complaint in the above-styled matter shows the Court the following:

## FACTUAL ALLEGATIONS

### A. Plaintiff's Claim Against the Government

1. On or about March 31, 1999, Plaintiff American Renovation and Construction Company ("ARC" or "Plaintiff") entered into a contract (Contract No. F08602-99-CK006; hereinafter, the "Contract") with Defendant United States of America, Department of the Air Force (the "Government") for the provision of construction services on a project known as Construct JNCO Family Housing Units, Phases III and IV, MacDill Air Force Base, Florida (the "Project").

2. On or about July 28, 2003, Plaintiff filed the above-captioned action against the Government asserting claims for damages arising out of the Contract. Plaintiff's Complaint asserts separate counts for breach of contract, wrongful default termination, and wrongful termination and seeks damages in an unspecified amount. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

**B. Intervenor's Loan to Plaintiff**

3. On or about July 15, 1996, Plaintiff and Classical Receivables Funding Company, LLC ("Classical Receivables" or "Lender"), as predecessor-in-interest of Intervenor, entered into a written loan agreement (the "Loan Agreement") whereunder Classical Receivables agreed to advance funds to Plaintiff from time to time (the "Loan") in accordance with the terms of the Loan Agreement and related documents. A true and correct copy of the Loan Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

4. Pursuant to the Loan Agreement, Classical Receivables advanced funds to Plaintiff over a period of several years, and Plaintiff executed and delivered a series of promissory notes evidencing Plaintiff's indebtedness to Classical Receivables, including without limitation a promissory note in the amount of $2,000,000 dated July 15, 1996, a note in the amount of $7,500,000 dated August 24, 1998, and a note in the amount of $15,000,000 dated August 17, 1999 (collectively, the "Notes"). True and correct copies of the 1998 and 1999 Notes are attached hereto as Exhibits "C" and "D" and incorporated herein by reference.

5. To secure its obligations under the Loan Agreement and Notes, Plaintiff executed and delivered to Classical Receivables an Assignment and Security Agreement (the "Assignment and Security Agreement"). A true and correct copy of the Assignment and Security Agreement is attached hereto as Exhibit "E" and incorporated herein by reference.

6. In paragraph 1 of the Assignment and Security Agreement, ARC assigned to Classical Receivables and granted Classical Receivables a security interest in all of its right, title and interest in, *inter alia*, the following: (a) certain contracts with third parties, including without limitation all amounts due to Classical Receivables through claims for breach of contract; (b) accounts receivable and all other rights to payment of money which arise from contracts for the sale of goods or services; (c) all general intangibles of Plaintiff, including without limitation choses in action and causes of action; and (d) the proceeds of the above-referenced collateral, including recoveries due by reason of payment, collection or settlement.

7. The above-described security interest applies to Plaintiff's interest in the Contract and any proceeds or receivables based thereon and Plaintiff's causes of action asserted in this lawsuit, including any recovery therefrom through whatever means.

8. On or about August 22, 1999, Classical Receivables assigned to Intervenor all right, title and interest in the Loan Agreement, Notes and Assignment and Security Agreement (the "Assignment of Loan Documents"). A true and correct copy of the Assignment of Loan Documents is attached hereto as Exhibit "F" and incorporated herein by reference. Intervenor is therefore the successor-in-interest to Classical Receivables with respect to the Loan and all documents, agreements and security interests relating thereto.

9. As an inducement for Intervenor to advance additional funds to Plaintiff under the Loan Agreement, on or about September 16, 1999, Plaintiff assigned to Intervenor all of its right, title and interest to all payments and proceeds owing from the Government under the Contract (the "Instrument of Assignment"). A true and correct copy of the Instrument of Assignment is attached hereto as Exhibit "G" and incorporated herein by reference.

C. **Plaintiff's Default on the Loan and Intervenor's Judgment Against Plaintiff**

10. Plaintiff defaulted under the terms of the Loan Agreement, Notes and Assignment and Security Agreement by, *inter alia*, failing to pay its indebtedness thereunder upon demand by Intervenor. Intervenor declared the Loan and all related documents to be in default, and said defaults have never been cured.

11. On or about May 2, 2000, Intervenor instituted a civil action against Plaintiff in the United States District Court for the Northern District of Georgia, styled Classical Financial Services, LLC v. American Renovation and Construction Company, Inc., et al., Civil Action File No.: 1:00-CV-1114-WBH (the "Georgia Lawsuit"), seeking, *inter alia*, damages for amounts Classical Financial claimed due and owing pursuant to the Loan Agreement and Notes.

12. On or about August 31, 2004, the Court in the Georgia Lawsuit entered a Final Consent Order and Judgment that included a money judgment against ARC and in favor of Intervenor on Intervenor's claim on the Note in the amount of $17,000,000.00 (the "Consent Judgment"). A certified copy of the Consent Judgment is attached hereto as Exhibit "H" and incorporated herein by reference.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment)**

13. Classical Financial incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Under paragraph 1 of the Assignment and Security Agreement, Plaintiff granted to Classical Receivables a continuing security interest in all of its right, title and interest in ARC's causes of action pending before this Court in the present case and any proceeds thereof.

15. Pursuant to the Assignment of Loan Documents, Classical Receivables assigned all of its right, title and interest in the Notes and Assignment and Security Agreement to Intervenor.

16. Moreover, pursuant to the Instrument of Assignment, Plaintiff assigned to Classical Financial all of its right, title and interest to all payments or proceeds owing from the Government in connection with the Contract.

17. Accordingly, Intervenor now has a continuing security interest in all of Plaintiff's right, title and interest in the present matter including all rights to any payments or proceeds owed to ARC from the Government in connection with the Contract.

WHEREFORE, Intervenor respectfully requests that the Court adjudge that:

(a) Intervenor is the rightful owner by assignment of any award of damages to Plaintiff in this litigation;

(b) Intervenor is the rightful owner by assignment of the causes of action brought by Plaintiff in this litigation;

(c) Intervenor, as rightful owner of the causes of action and any award of damages, has all of the rights of ownership of the award of damages and the causes of action, including the right to litigate the issues pending before the Court and the right to settle the dispute without the consent or participation of Plaintiff;

(d) Intervenor be awarded its costs and attorney's fees; and

(e) Intervenor be awarded such other or further relief as the Court deems just or proper under the circumstances.

## SECOND CAUSE OF ACTION

**(Alternative Declaratory Relief)**

18. Intervenor incorporates by reference the allegations contained in paragraphs 1 though 17 of the Complaint as if fully set forth herein.

19. Under paragraph 1 of the Assignment and Security Agreement, Plaintiff granted to Classical Receivables a continuing security interest in all of its right, title and interest in ARC's causes of action pending before this Court in the present case, and any proceeds thereof.

20. Pursuant to the Assignment of Loan Documents, Classical Receivables assigned all of its right, title and interest in the Notes and Assignment and Security Agreement to Intervenor.

21. Moreover, pursuant to the Instrument of Assignment, ARC assigned to Classical Financial all of its right, title and interest to all payments or proceeds owing from the Government in connection with the Project.

22. Accordingly, Intervenor now has a continuing security interest in all of Plaintiff's right, title and interest in the present matter including all rights to any payments or proceeds owed to Plaintiff from the Government in connection with the Contract.

WHEREFORE, Intervenor demands that the Court adjudge that:

(a) Intervenor has a continuing security interest in any award of damages to Plaintiff in this litigation;

(b) Intervenor has a continuing security interest in the causes of action brought by Plaintiff in this litigation;

(c) Intervenor has equitable ownership of the award of damages and the causes of action, including the right to litigate the issues pending before the Court and the right to settle the dispute without the consent or participation of Plaintiff;

(d) Intervenor be awarded its litigation costs and attorney's fees; and

(e) Intervenor be awarded such other and further relief as the Court deems just and proper under the circumstances.

**THIRD CAUSE OF ACTION**

**(Claim of ARC)**

23. Intervenor hereby incorporates the allegations contained in paragraphs 1 though 22 of the Complaint as if fully set forth herein.

24. Intervenor hereby incorporates paragraphs 1 through 66 of Plaintiff's Complaint in this action as if fully set forth herein.

25. Pursuant to the Assignment and Security Agreement, the Assignment of Loan Documents, the Instrument of Assignment, and the Consent Judgment, Intervenor is the legal and equitable owner of this cause of action and any award of damages issued thereon.

WHEREFORE, Intervenor requests that the Court adjudge that:

(a) Intervenor is the rightful owner by assignment of any award of damages to Plaintiff in this litigation;

(b) Intervenor is the rightful owner by assignment of the causes of action brought by Plaintiff in this litigation;

(c) Intervenor, as rightful owner of the causes of action and any award of damages, has all of the rights of ownership of the award of damages and the causes of action, including the right to litigate the issues pending before the Court and the right to settle the dispute without the consent or participation of Plaintiff;

(d) Intervenor have judgment against the Government in an amount to be determined at trial;

(e) Intervenor be awarded its costs and attorney's fees; and

(f) Intervenor be awarded such other or further relief as the Court deems just or proper under the circumstances.

Respectfully submitted this 8th day of November, 2004.

William C. Collins, Jr.
Georgia Bar No. 178847
Kwende B. Jones
Georgia Bar No. 041155
Attorneys for Intervenor
Classical Financial Services, Inc.

BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244