# CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C.

## Government Receivables Financing Program

## PROMISSORY NOTE

**$15,000,000.00** **August 17, 1999**

**FOR VALUE RECEIVED,** the undersigned ("Borrower") promises to pay to the order of Classical Receivables Funding Company, L.L.C., a Tennessee limited liability company (herein the "Lender" and, along with each subsequent holder of this Note, referred to as the "Holder"), the principal sum of Fifteen Million and 00/100 Dollars ($15,000,000.00), or, if less, so much thereof as has been advanced and is outstanding on the date the principal sum hereof shall become due, with interest on the outstanding principal balance of this Note from the date hereof until fully paid as hereinafter provided.

Interest on the unpaid principal balance hereof from time to time outstanding shall accrue from the Effective Advance Date with respect to each Advance hereunder through the Effective Credit Date for each repayment of principal hereof at a variable interest rate of two percent (2.0%) per annum above the prime rate for commercial loans as announced or quoted from time to time by First Union National Bank of North Carolina from its principal offices in Charlotte, North Carolina (the "Prime Rate").

For the purpose of determining the amount of interest payable hereunder, the term "Advance" means the disbursement of funds by Lender to or for the account of Borrower to fund the loan evidenced hereby; the term "Effective Advance Date" for any Advance means the Loan Period Commencement Date next preceding the date of such Advance unless the date of such Advance is a Loan Period Commencement Date, in which case the Effective Advance Date shall be the date of such Advance; the term "Effective Credit Date" for repayment of the loan evidenced hereby in whole or part shall be the last day of the Loan Period when such repayment is received by Lender; the term "Loan Period Commencement Date" means the 15th day of each calendar month; and the term "Loan Period" means the period beginning on each Loan Period Commencement Date and ending on the day immediately preceding the next successive Loan Period Commencement Date.

Interest shall be computed on the principal balance hereunder outstanding at any time and from time to time on the basis of the actual number of days elapsed over a year of 360 days. Interest on the outstanding principal of the Loan is payable monthly, in advance, on the date of the initial Advance hereunder and on the same day of each succeeding month (or if a month has no corresponding day, the last day of such month). Each such date is herein called a "Loan Payment Date." The initial interest payment will be deducted from the Advance with respect to which the interest is payable, and interest accruing with respect to all subsequent monthly periods will be due and payable, in

advance, on each succeeding Loan Payment Date. If the Prime Rate changes during a month resulting in an increase or decrease in the amount of interest payable with respect to such month, any such increase shall be payable on the next succeeding Loan Payment Date and any decrease shall be credited to the interest payment due on the next succeeding Loan Payment Date. To the extent not previously paid, the outstanding principal hereof, all unpaid interest hereon, and all other obligations of Borrower with respect to the Loan (including, but not limited to, fees, costs and expenses) will be due and payable in full **ON DEMAND**.

Borrower may borrow up to the maximum principal amount above stated, repay all or any portion thereof and reborrow up to such amount on a revolving basis, except that Borrower shall not have the right to reborrow after demand for payment hereof in full. Such borrowings, to the extent not evidenced by other notes, shall be evidenced by this Note and subject to its terms.

Overdue payments of principal and (to the extent permitted by applicable law) interest shall bear interest at the interest rate then otherwise applicable to this Note plus five (5.0) percentage points from the date such amount became due to the Effective Credit Date for repayment of such overdue sum.

The principal hereof and interest hereon shall be payable in lawful money of the United States of America, at the offices of Classical Receivables Funding Company, L.L.C., 530 Oak Court Drive, Suite 400, Memphis, Tennessee 38117-3738, or at such other place as the Holder hereof may designate in writing to Borrower. Any payment by check or draft shall be subject to the condition that any receipt issued therefor shall be ineffective unless the amount due is actually collected by the Holder hereof.

Borrower shall pay a late payment charge of five percent (5%) of the amount then due and payable if any payment due under this Note is not received by Holder within ten (10) days after its due date. The late payment charge shall be payable to Holder **ON DEMAND.** All payments made under this Note may, in Holder's sole discretion, be applied first to late payment charges or other sums owed Holder, next to accrued and unpaid interest, and the balance to the repayment of principal, or in such other order or proportion as Holder, in its sole discretion, may elect from time to time.

This Note is secured by that certain Assignment and Security Agreement dated as of the date hereof (the "Security Agreement") executed by Borrower in favor of Lender, assigning to Lender, and granting to Lender a continuing, first-priority security interest in, Borrower's right, title and interest in and to all payments due and to become due to Borrower in respect of certain contracts and accounts receivable of Borrower more particularly described therein, to which reference is hereby made.

All parties liable for the payment of this Note agree to pay the Holder hereof reasonable attorneys' fees incurred by the Holder for the services of counsel employed to collect this Note, whether or not suit be brought, and whether incurred in connection with

collection, trial, appeal, or otherwise, and to indemnify and hold the Holder harmless against liability for the payment of state intangible, documentary and recording taxes, and other taxes (including interest and penalties, if any) which may be determined to be payable with respect to this transaction.

In no event shall the amount of interest due or payable hereunder exceed the maximum rate of interest allowed by applicable law, and in the event any such payment is inadvertently paid by Borrower or inadvertently received by the Holder, then such excess sum shall be credited as a payment of principal, unless Borrower shall notify the Holder, in writing, that Borrower elects to have such excess sum returned to it forthwith. It is the express intent hereof that Borrower not pay and the Holder not receive, directly or indirectly, in any manner whatsoever, interest in excess of that which may be lawfully paid by Borrower under applicable law.

The remedies of the Holder as provided herein and in any other documents governing or securing repayment hereof shall be cumulative and concurrent and may be pursued singly, successively, or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefor shall arise.

No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy, or recourse, shall be effective unless set forth in a written document executed by the Holder, and then only to the extent specifically recited therein. A waiver or release with reference to one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy, or recourse as to any subsequent event.

Borrower and all sureties, endorsers, and guarantors of this Note hereby (a) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest and all other notice, filing of suit, and diligence in collecting this Note; or in enforcing any of its rights under any guaranties of payment hereof; (b) agree to any substitution, addition, or release of any collateral or any party or person primarily or secondarily liable hereon; (c) agree that the Holder shall not be required first to institute any suit, or to exhaust its remedies against Borrower or any other person or party to become liable hereunder, or against any collateral in order to enforce payment of this Note; (d) consent to any extension, rearrangement, renewal, or postponement of time of payment of this Note and to any other indulgence with respect hereto without notice, consent, or consideration to any of them; and (e) agree that, notwithstanding the occurrence of any of the foregoing (except with the express written release by the Holder or any such person), they shall be and remain jointly and severally, directly and primarily, liable for all sums due under this Note.

Whenever used in this Note, the words "Borrower" and "Holder" shall be deemed to include the Borrower and the Holder named in the opening paragraph of this Note, and their respective heirs, executors, administrators, legal representatives, successors and permitted assigns.

Time is of the essence of this Note.

This Note is delivered to and accepted by Lender at its loan processing office located in the State of Georgia and shall be construed and enforced in accordance with the laws of the State of Georgia.

This Note may not be amended or modified except by an instrument in writing and signed by Borrower and the Holder.

The pronouns used herein shall include, when appropriate, either gender and both singular and plural, and the grammatical construction of sentences shall conform thereto.

All references herein to any document, instrument, or agreement shall be deemed to refer to such document, instrument, or agreement as the same may be amended, modified, restated, supplemented, or replaced from time to time.

**IN WITNESS WHEREOF,** the undersigned Borrower has executed this instrument under seal as of the day and year first above written.

**BORROWER:**

AMERICAN RENOVATION & CONSTRUCTION COMPANY, INC., a California corporation

By: ______________________
Name: Anthony P. Dethloff
Title: Vice President/Advancement

[SEAL]

# ENDORSEMENT

FOR VALUE RECEIVED, pay to the order of Classical Financial Services, L.L.C.

CLASSICAL RECEIVABLES FUNDING
COMPANY, L.L.C.

By: [SEAL]
Title: Operating Manager

**Acceptance page of Guarantors attached to and made a part of that certain Supplemental Commitment Letter for Accounts Receivable Financing dated July 10, 1999, from Classical Receivables Funding Company, L.L.C. to American Renovation & Construction Company.**

GUARANTOR:

_____________________________ Date: 7-14-, 1999
Name: Ivan Velasquez

_____________________________ Date: 7-14-99, 1999
Name: Anthony P. Dethloff

_____________________________ Date: 7/14/99, 1999
Name: Kimberly K. McMahon

_____________________________ Date: July 14, 1999
Name: Francis N. Todd, II

_____________________________ Date: 7-14-99, 1999
Name: Blanche Richardson

_____________________________ Date: July 14, 1999
Name: Anthony J. Jemison