Classical Financial Services, L.L.C.

April 19, 2000

Mr. Michael C. Ganos
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621-5000

Re: Contract No.: F08602-99-CK006

Dear Mr. Ganos:

Please find enclosed six executed Instruments of Assignment and six Notices of Assignment for the above referenced contract.

If you have any questions or concerns with the documents, please contact me at (800) 213-6337.

Sincerely,

Garnett R. Noyes

530 Oak Court Drive
Suite 400
Memphis, Tennessee
38117-3738
Phone: 800-213-6337
Fax: 800-662-9038

SENT BY FEDERAL EXPRESS
Attachments

# NOTICE OF ASSIGNMENT

To: Contracting Officer
Department Of The Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621-5000

This has reference to Contract No. F08602-99-CK006 dated March 31, 1999, entered into between AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego, California 92108-4004 (hereinafter, the "Assignor") and the Department Of The Air Force to construct JNCO Family Housing Units, Phases III and IV.

PLEASE TAKE NOTICE that moneys due or to become due under the contract described above have been assigned to the CLASSICAL FINANCIAL SERVICES, L.L.C., (hereinafter, the "Assignee"), pursuant to the provisions of the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15) and the Federal Acquisition Regulations ("FAR") relating thereto (48 U.S.C. Subsections 32.800-32.806).

A true copy of the Instrument of Assignment executed by the Assignor on September 16,1999 is attached to the original hereof.

Payments due or become due under Contract should be made to the assignee as follows: checks should be made payable to CLASSICAL FINANCIAL SERVICES, L.L.C., (CAGE Code: 1H2R3) and remitted to the Assignee at: CLASSICAL FINANCIAL SERVICES, L.L.C., P.O. Box 281370, Atlanta, Georgia 30384-1370.

Please return to the undersigned at your earliest convenience the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt, and duly signed by the person acknowledging receipt on behalf of the addressee.

By: [signature]
Dennis R. Terhune
Title: Chief Manager
CLASSICAL FINANCIAL SERVICES, L.L.C.

Receipt is hereby acknowledged of the above Notice and a copy of the above mentioned Instrument of Assignment. These were received at ____________ a.m/p.m. on ________________________, 2000.

DEPARTMENT OF THE AIR FORCE
6TH CONTRACTING SQUADRON/LGCC

______________________________
(Signature)

______________________________
(Title)

2

# INSTRUMENT OF ASSIGNMENT

REFERENCE CONTRACT NUMBER: F08602-99-CK006 ("Contract")

KNOW ALL MEN BY THESE PRESENTS: That AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego California 92108-4004, for value received and in accordance with the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15), the undersigned Contractor, as Assignor, does hereby assign, set over, and transfer unto CLASSICAL FINANCIAL SERVICES, L.L.C., 530 Oak Court Drive, Suite 400, Memphis, Tennessee 38117, as Assignee, all of Assignor's right, title and interest to all payments, from the Department Of The Air Force, 6th Air Refueling Wing, or from any agency or department accruing under the above referenced contract. Assignor acknowledges that upon delivery by the Assignee to said agency of a Notice of Assignment with respect to said contract, all payments due or to become due under said contract are to be made to the Assignee.

The Assignee shall not be held responsible for the performance of any work or for the manufacture or delivery of any of the items mentioned in said Contract.

AMERICAN RENOVATION &
CONSTRUCTION COMPANY
(Assignor)

By: [signature]
Tony Dethloff, Vice President
Date: 9-16-99

ATTEST:

By: [signature]
Name: Kim McMahon
Title: Treasurer

(SEAL)

Assignment accepted at Memphis, Tennessee this 17th day of September, 1999.

CLASSICAL FINANCIAL SERVICES, L.L.C.
(Assignee)

By: [signature]
Dennis R. Terhune
Title: Chief Manager

Sworn and subscribed before me by the foregoing named officer of Classical Financial Services, L.L.C. this 17th day of Sept, 1999, at Memphis, Tennessee.

[signature]
Notary Public July 9 2002
(SEAL)

American
Renovation &
Construction Company

FAXED 4/25/00

April 21, 2000

TO WHOM IT MAY CONCERN:

***AMERICAN RENOVATION & CONSTRUCTION COMPANY (ARC)*** provides the following information relative to its relationship with Classical Financial Services, LLC. Effectively immediately, ***ARC*** has terminated the referenced relationship.

You were probably unaware that Classical had been issuing checks to vendors/suppliers and subcontractors that were being returned stamped "NSF." The moneys from the contract were being forwarded directly to Classical; yet, the bills were not being paid!

Over the next few days/weeks/months, a Mr. Dennis Terhune, Operations Manager for Classical, may contact you or your representatives. He or his representatives may share information with you relative to ***ARC*** that is untrue or which reflects less than favorably upon ***ARC***. If I may, permit me to ask that you document as thoroughly as possible any communications you receive from Classical, its Operations Manger, or its agents.

Permit me to assure you that ***ARC*** is financially strong and, as such, is in the position to fulfill its obligations in every respect. In fact, in severing its relationship with Classical, ***ARC*** is much better poised to ensure that those with whom we are doing business receive payment more timely, and without any of the recent problems resultant from Classical's administration of the contract funds. Any ***ARC*** contract moneys, information, equipment, and/or other property for which you have control should under no circumstances be released to Classical or any of its agents.

Should you have any questions, please don't hesitate to contact me. I can be reached directly at 619/284-1168, via facsimile at 619/284-8120, or via the Internet at ajjemison@amrenco.com.

Thank you for your cooperation during this time of transition!

Sincerely,
AMERICAN RENOVATION & CONSTRUCTION COMPANY

*Anthony J. Jemison*

Anthony J. Jemison
Vice President

AJJ:bhr

3645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619) 284-8120
Estimating Fax (619) 284-8140 • e-mail americanrenovation@msn.com

American
Renovation &
Construction Company

April 26, 2000

**DEPARTMENT OF THE AIR FORCE**
6TH Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill Air Force Base, Florida 33621-5000

ATTN: **Mr. Mike Ganos**
Contracting Officer

RE: *Construct JrNCO Military Family Housing, Phase III/IV -- Contract No. F08602-99-CK006, Non-Acceptance of Assignment Documents*

Dear Mr. Ganos:

Our firm, ***American Renovation & Construction Company (ARC)***, offers official notice that it is not its intent to assign ANY of the contract proceeds/ moneys on the above-referenced project. Consequently, any *Instrument of Assignment* or *Notice of Assignment*–irrespective of the date signed—should be disregarded!

I trust that you will find this notice in order. Please apprise me, if otherwise!

Should you have questions, please contact me. You may contact me in the Corporate Office at 619/284-1168 or via e-mail at ajjemison@amrenco.com. *Please note that this is a NEW e-mail address for me!*

Sincerely,

Anthony J. Jemison

Anthony J. Jemison
Vice President

AJJ:bhr

3645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619)-284-8120
Estimating Fax (619) 284-8140 • e-mail americanrenovation@msn.com

American Renovation & Construction Company

FAXED 4-27-00

April 27, 2000

DEPT. OF THE AIR FORCE
6th CONS/LGCC
2602 Brown Pelican Avenue
MacDill AFB, FL 33621-5000

ATTN: TSGT Eric Johnson

REF: Contract #F08602-99-CK006

SUBJ: Instrument of Assignment

This letter will serve notice that *"any"* letters of Assignment sent to you by a Mr. Dennis Terhune of Classical Financial Services, L.L.C., in reference to contracts administrated by MacDill AFB, are not valid.

All payments for contract proceeds are to be sent directly to American Renovation & Construction's bank account, as has been the practice since the first payment.

You will note that I signed these instruments of assignments back on September 16, 1999, along with a letter stipulating in numerous areas that he **cannot** execute them. Mr. Terhune neglected to abide by my direction and I hereby request that you disregard these invalid instruments of assignment.

American Renovation & Construction

Tony Dethloff/President

Encls. ARC Ltr. Dated 9/16/99

3645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619)-284-8120
Estimating Fax (619) 284-2140 • e-mail americanrenovation@msn.com

American
Renovation &
Construction Company

September 16, 1999

CLASSICAL FINANCIAL SERVICES
530 Oak Court Drive
Suite 400
Memphis, TN 38117

ATTN: Dennis Terhune

SUBJ: Assignments Dated September 16, 1999

By your request, I am enclosing the Assignments as you requested, for your upcoming audit. As we discussed over the phone, these Assignments CANNOT be sent to the branch of the military specific to each Assignment as listed below:

1. Contract No. F41622-97-C-0022
2. Contract No. F41622-98-C-0011
3. Contract No. DACA01-99-C-0033
4. Contract No. N62470-96-C-6725
5. Contract No. F08602-99-CK006

These contracts are all backed by Soltek Pacific, Mr. Steve Thompson, and as you know, he will not allow these projects to be assigned to any other entity but American Renovation & Construction/Soltek Pacific accounts.

From these accounts the monies are transferred to Classical Financial Services, LLC for monies to prepay contract costs.

I reiterate, these Assignments CANNOT be executed for any reason.

Sincerely,

Tony Dethloff/~~C.E.O~~
V.P.

Enclosed: 5 Assignments signed by Tony Dethloff &
Attested by Kim McMahon (6 originals for each contract)
Dated 9/16/99

5645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619) 284-8120
Estimating Fax (619) 284-8140 • e-mail americanrenovation@msn.com

American
Renovation & Construction Company

FAXED 5-1-00

May 1, 2000

**DEPARTMENT OF THE AIR FORCE**
6TH Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill Air Force Base, Florida 33621-5000

ATTN: **Mr. Mike Ganos**
Contracting Officer

RE: *Construct JrNCO Military Family Housing, Phase III/IV -- Contract No. F08602-99-CK006, **SECOND** Notice of Invalid Instrument of Assignment*

Dear Mr. Ganos:

This letter is in follow-up to your telephone conversation with our Vice President, Anthony J. Jemison, on April 26, 2000, and confirms your conversation with our attorney of May 1, 2000. The *Instrument of Assignment* is clearly void as a matter of law!

The letter previously sent to you—dated the same date as the [invalid] *Instrument of Assignment*—clearly states the only purpose for the document is for Classical's audit and that is not to be used or sent to the contracting authorities relative to any of the projects. This is EXPLCIT! There was never any INTENT to assign the contract moneys.

Secondly, and equally as determining—besides the clear direction to Classical that they are not to use the document as an assignment of funds—the *Instrument of Assignment* is not valid for the following reasons: in accordance with the applicable FAR Clauses, the document must be

FAR 32.805 Assignment of Claims, item (a)
(1) Assignments by Corporations:
(i) Executed by an authorized representative.

(ii) Attested by the **Secretary or assistant secretary** of the corporation.

3645 Camino Del Rio South • San Diego, California 92108-4004 • (619) 284-1168 • Fax (619)-284-8120
Estimating Fax (619) 284-8140 • e-mail americanrenovation@msn.com

(iii) **Impressed** with the Corporate Seal or accompanied by a true copy of the resolution of the corporations board of directors authorizing the signing representative, to execute the Assignment.

I bring your attention to the *Instrument of Assignment* in your possession. Please note:

* The corporate officer attesting to the signature is not the Corporate Secretary. As reflected on the document, Kim McMahon is the Corporate Treasurer; she is neither the Secretary **NOR** the Assistant Secretary.

The above-delineated items make the "alleged" assignment document void on its face.

I understand you advised our attorney that you would return the *Instrument* and *Notice* to Classical and take no further action. Please return the *Assignment* to Classical and ensure that no contract funds are paid to them.

Thank you for your cooperation!

Sincerely,

Tony Dethloff
President

TD:bhr

Cc: William Bruckner, Attorney
BRUCKNER & WALKER

**DEPARTMENT OF THE AIR FORCE**
**6TH AIR REFUELING WING (AMC)**
**MACDILL AIR FORCE BASE, FLORIDA**

23 May 00

MEMORANDUM FOR Classical Financial Services
Attn: Mr. Garnett Noyes
530 Oak Court Drive, Suite 400
Memphis, TN 38117

FROM: 6th Contracting Squadron/LGCC
Attn: TSgt Eric Johnson
2606 Brown Pelican Ave
MacDill AFB, FL 33621-5000

SUBJ: Contract F08602-99-CK006, Notice of Assignment

1. In response to your letter, dated 19 Apr 00, regarding executed Instruments of Assignment and Notices of Assignment, LLC, I requested a legal review. After careful analysis, I must inform you that the Government can't accept this Instrument of Assignment because it's invalid.

2. The Instrument of Assignment that you received from American Renovation and Construction Company (ARC) doesn't comply with the procedural requirements of Federal Acquisition Regulation (FAR) clause 32.805. FAR clause 32.805(a)(1)(ii) states that "assignments by corporations shall be attested by the secretary or the assistant secretary of the corporation..." Neither the secretary nor the assistant secretary of ARC attested to the Instrument of Assignment provided to me by your client. The Instrument of Assignment states that Kim McMahon, the treasurer of ARC, attested to the instrument. Hence, the Instrument of Assignment isn't valid.

3. Since the Instrument of Assignment doesn't comply with the requirements of FAR 32.805, the Government can't begin making payments to you. Therefore, I am returning the attached Instruments of Assignment and Notices of Assignment.

4. If you have any questions, please contact TSgt Johnson at (813) 828-7481 or the undersigned at (813) 828-7482.

MICHAEL C. GANOS
Contracting Officer

2 Atch:
1. Instrument of Assignment
2. Notice of Assignment

cc: Baker and Hostetler, LLP

Classical Receivables Funding Company, L.L.C.

May 24, 2000

Mr. Michael C. Ganos
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621-5000

Re: Contract No.: F08602-99-CK006

Dear Mr. Ganos:

Please find enclosed six executed Instruments of Assignment and six Notices of Assignment for the above referenced contract. Also enclosed are a Certification of Incumbency and a copy of an Assignment and Security Agreement dated July 15, 1996 which, in Section 11, grants Classical Receivables Funding Company, L.L.C. an irrevocable Power of Attorney to execute such documents on behalf of American Renovation & Construction Company.

If you have any questions or concerns with the documents, please contact me at (800) 213-6337.

Sincerely,

Dennis R. Terhune

Dennis R. Terhune
Chief Manager

530 Oak Court Drive
Suite 400
Memphis, Tennessee
38117-3738
Phone: 800-213-6337
Fax: 800-662-9038

SENT BY FEDERAL EXPRESS
Attachments

DT/sw

RCVD 25 MAY 00

# INSTRUMENT OF ASSIGNMENT

REFERENCE CONTRACT NUMBER: F08602-99-CK006 ("Contract")

KNOW ALL MEN BY THESE PRESENTS: That AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego California 92108-4004, for value received and in accordance with the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15), the undersigned Contractor, as Assignor, does hereby assign, set over, and transfer unto CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C., 530 Oak Court Drive, Suite 400, Memphis, Tennessee 38117, as Assignee, all of Assignor's right, title and interest to all payments, from the Department of the Air Force, 6th Air Refueling Wing, or from any agency or department accruing under the above referenced contract. Assignor acknowledges that upon delivery by the Assignee to said agency of a Notice of Assignment with respect to said contract, all payments due or to become due under said contract are to be made to the Assignee.

The Assignee shall not be held responsible for the performance of any work or for the manufacture or delivery of any of the items mentioned in said Contract.

AMERICAN RENOVATION &
CONSTRUCTION COMPANY (Assignor)

By: Classical Receivables Funding Company, L.L.C.
Attorney in Fact pursuant to an Irrevocable Power
of Attorney Granted July 15, 1996

By: Dennis R. Terhune
Dennis R. Terhune, Chief Manager

Assignment accepted at Memphis, Tennessee this 24th day of May, 2000.

CLASSICAL RECEIVABLES FUNDING
COMPANY, L.L.C. (Assignee)

By: Dennis R. Terhune
Dennis R. Terhune, Chief Manager

Sworn and subscribed before me by the foregoing named officer of Classical Receivables Funding Company, L.L.C. this 24th day of May, 2000, at Memphis, Tennessee.

[signature]
Notary Public
(SEAL)

My Commission Expires: 7/9/2002

# NOTICE OF ASSIGNMENT

To: Contracting Officer
Department Of The Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621-5000

This has reference to Contract No. F08602-99-CK006 dated March 31, 1999, entered into between AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego, California 92108-4004 (hereinafter, the "Assignor") and the Department Of The Air Force to construct JNCO Family Housing Units, Phases III and IV.

PLEASE TAKE NOTICE that moneys due or to become due under the contract described above have been assigned to the CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C., (hereinafter, the "Assignee"), pursuant to the provisions of the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15) and the Federal Acquisition Regulations ("FAR") relating thereto (48 U.S.C. Subsections 32.800-32.806).

A true copy of the Instrument of Assignment executed by the Assignor on May 24, 2000 is attached to the original hereof.

Payments due or to become due under Contract should be made to the assignee as follows: checks should be made payable to CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C., (CAGE Code: 1JBZ7) and remitted to the Assignee at: CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C., P.O. Box 281370, Atlanta, Georgia 30384-1370.

Please return to the undersigned at your earliest convenience the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt, and duly signed by the person acknowledging receipt on behalf of the addressee.

By: Dennis R. Terhune
Dennis R. Terhune
Title: Chief Manager
CLASSICAL RECEIVABLES FUNDING COMPANY, L.L.C.

Receipt is hereby acknowledged of the above Notice and a copy of the above mentioned Instrument of Assignment. These were received at ____________ a.m/p.m. on __________________________, 2000.

DEPARTMENT OF THE AIR FORCE
6TH CONTRACTING SQUADRON/LGCC

______________________________
(Signature)

______________________________
(Title)

12

DEPARTMENT OF THE AIR FORCE
6TH AIR REFUELING WING (AMC)
MACDILL AIR FORCE BASE, FLORIDA

8 June 2000

MEMORANDUM FOR: Classical Financial Services
Attn: Mr. Dennis R. Terhune
530 Oak Court Drive, Suite 400
Memphis, TN 38117

FROM: 6th Contracting Squadron/LGCC
Attn: SSgt John Rogers
2606 Brown Pelican Ave
MacDill AFB, FL 33621-5000

SUBJ: Response to Classical Notice of Assignment, Contract F08602-99-CK006

1. Receipt is acknowledged to your letter dated 24 May 00 that transmitted Assignment documents to the undersigned. These documents were sent to our Legal Counsel to review for compliance with the Federal Acquisition (FAR). We have determined that the documents do not comply with FAR 32.805. FAR 32.805 stipulates that Assignments shall be executed by an authorized representative, attested by the secretary or assistant secretary and impressed with the corporate seal. These documents do not bear the requisite signatures of American Renovation & Construction (ARC) officers per FAR 32.805.

2. Accordingly, the documents are returned without action. Payment will be made to ARC per the terms and conditions of the contract. If you have any questions, please contact SSgt Rogers at (813) 828-3092 or the undersigned at (813) 828-7482.

MICHAEL C. GANOS
Contracting Officer

cc: ARC
Baker & Hostetler LLP( Nigel Jacques)
Encl: Assignment Documents
CY TO LESA CHRITENSON/
ARC 9 JUN 99

14

**DEPARTMENT OF THE AIR FORCE**
**6TH AIR REFUELING WING (AMC)**
**MACDILL AIR FORCE BASE, FLORIDA**

17-Jul-00

MEMORANDUM FOR Baker and Hostetler, LLP
Attn: Mr. Nigel E. Jacques
600 Wilshire Boulevard, 12th Floor
Los Angeles, California 90017-3212

FROM: 6th Contracting Squadron/LGCC
Attn: TSgt Eric Johnson
2606 Brown Pelican Ave
MacDill AFB, FL 33621-5000

SUBJ: Power of Attorney and Notice of Assignment for Contract No. F08602-99-CK006

1. I am writing in response to your letter to me dated June 16, 2000 that discusses the assignment from American Renovation and Construction (ARC) to your client Classical Financial Services (Classical). I have determined that the Government can't accept the Instrument of Assignment, dated May 24, 2000, regarding the above referenced contract.

2. With the advice of legal counsel, I have reviewed both the May 24, 2000 Instrument of Assignment and the Assignment and Security Agreement dated July 15, 1996, which contains the power of attorney you discuss in your letter dated June 16, 2000. While I recognize that Classical has a power of attorney from ARC, the contract at issue isn't one of the "Designated Contracts" referred to throughout the Assignment and Security Agreement dated July 15, 1996. Therefore, I must conclude that the power of attorney that Classical possesses doesn't apply to this contract at issue.

3. Therefore, the Government can't accept the Instrument of Assignment dated May 24, 2000 and can't begin making payments to your client, because the Instrument of Assignment isn't legally sufficient.

4. If you have any questions, please contact TSgt Johnson at (813) 828-7465 or the undersigned at (813) 828-7482.

MICHAEL C. GANOS
Contracting Officer

cc: American Renovation and Construction Company

BAKER
&
HOSTETLER LLP
COUNSELLORS AT LAW

RCVD
17 JUL 00

600 WILSHIRE BOULEVARD • 12TH FLOOR • LOS ANGELES, CALIFORNIA 90017-3212
(213) 624-2400 • FAX (213) 975-1740
DIRECT DIAL (213) 975-1629

July 14, 2000

BY FEDERAL EXPRESS
Mr. Michael C. Ganos
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB
Florida
33621-5000

**Re: Contract No. F08602-99-CK006**

Dear Mr. Ganos:

We write further to our letter dated June 16, 2000, to which we have not received a response. This letter is sent without prejudice to our client's contention that you have already received sufficient documents and information to obligate you to honor the assignment of the above-referenced contract.

Our client regrets that it now has no alternative but to file suit against the Department of the Air Force, and such action will be commenced shortly. So as to avoid any possible doubt that you are in possession of all pertinent information, we enclose copies of the following:

1. Assignment and Security Agreement dated July 15, 1996;
2. Certificate issued by ARC on August 14, 1996;
3. Assignment of Loan Documents dated August 22, 1996;
4. Certificate of Secretary dated July 7, 2000;
5. Resolutions by Consent in Writing dated July 6, 2000;
6. Certificate of Incumbency;
7. Six Notices of Assignment;
8. Six Instruments of Assignment dated July 6, 2000.

In order to assist you in your review of the documents, we highlight the following:

1. The scope of the Power of Attorney

The Assignment and Security Agreement executed and sealed by ARC expressly grants **two** Powers of Attorney, either one of which is sufficient to encompass the assignment of your contract with ARC.

First, clause 6 provides (in relevant part) as follows:

> [ARC] hereby grants a power of attorney to Lender and to the Collateral Trustee, or either of them acting separately, to execute in its behalf amended Financing Statements and other security documents as Lender or the Collateral Trustee deems to be necessary or appropriate to evidence the interest of Lender and the Collateral Trustee in the Collateral or any part thereof, which power of attorney shall be irrevocable and coupled with an interest.

"Lender" is defined as Classical Receivables Funding Company, LLC ("Classical Receivables"). Moreover, the Assignment and Security Agreement expressly authorizes an assignment of Classical Receivables' interest. (See clause 16.) Consistent with that provision, Classical Receivables has assigned its interest in the Assignment and Security Agreement to Classical Financial Services, LLC ("Classical Financial"). Thus, Classical Receivables/Financial has an irrevocable power of attorney, the scope of which includes the execution of such security documents as it deems to be necessary or appropriate to evidence its interest in the "Collateral" or any part thereof. It is axiomatic that Classical deems the assignment of your contract with ARC both necessary and appropriate. The only question that remains is whether your contract with ARC constitutes "Collateral."

The definition of "Collateral" in clause 1 of the Agreement is comprehensive. Your contract with ARC and any payment that may be due thereunder qualifies as "Collateral" on at least four separate grounds, any one of which is sufficient. The contract itself is (a) a "Designated Contract," (b) a "contract for receipt of money," and also (c) "evidence of indebtedness of or owing to [ARC] whether now existing or hereafter arising, including ... all accounts or other rights to money which arise or result from contracts for ... services to be rendered by [ARC]." Similarly, any payment is (d) an "account receivable."

Grounds (b), (c) and (d) require nothing more than a literal interpretation of the words used in the Agreement and, as noted above, any one of these is sufficient to encompass your contract with ARC.

Although further analysis is unnecessary for the purposes of the Power of Attorney granted by clause 6, your contract also qualifies as a "Designated Contract" (see below).

Second, clause 11 of the Agreement provides (in relevant part) as follows:

> [ARC] irrevocably appoints Lender, its successors and assigns, the attorney-in-fact for [ARC], with full power of substitution and revocation, at the expense of [ARC] and in its name or otherwise, to collect, sue for, receive, and furnish

> receipts for the moneys or any part therefor due under each Designated Contract; … to execute in its behalf amended financing statements and other security documents as Lender deems to be necessary or appropriate to evidence or secure [ARC's] interest; … . Such power of attorney is coupled with an interest and shall be irrevocable for the period beginning on the Agreement Date and ending at such time as this Assignment has terminated, all Obligations have been paid in full by [ARC] and Lender shall have no obligation or undertaking to make additional Advances under the Loan Agreement.

The term "Designated Contract" is not limited to the contracts listed in Schedule 1 to the Assignment and Security Agreement. Instead, it includes "each Designated Contract which may be hereafter assigned by [ARC] to Lender, its successors and assigns under the terms of any amendment or supplement to this Assignment, all sums, moneys and payments due and to become due to [ARC] thereunder … ." (See clause 1(a).) Your contract satisfies this definition because it has been assigned to Classical Financial by ARC. A copy of the Instrument of Assignment has previously been submitted to you. Although you have contended that the document is insufficient to satisfy the FAR because it was not signed by the secretary of ARC (even though on prior occasions the Department of the Air Force has accepted an Instrument of Assignment executed in the same manner), nothing in the FAR affects the validity of that assignment as between ARC and Classical Financial.

2. <u>The execution of the Assignment and Security Agreement</u>

The Assignment and Security Agreement bears the signature of the secretary of ARC. The authority of the vice president to execute the document is made clear by the Certificate issued by ARC on August 14, 1996. Page 2 of the Certificate recites the names and offices of ARC's officers. Exhibit "C" to the Certificate (in particular, Exhibit "A" to Exhibit "C") sets out the resolutions adopted by ARC, which include the following:

> FURTHER RESOLVED, that the President or any Vice President of the Corporation be and they are hereby authorized and empowered in the name of and on behalf of the Corporation … (b) to execute, seal, acknowledge and deliver to the Lender any other instruments, documents, agreements or certifications of the Corporation which may at any time or from time to time be required by the Lender in connection with such Loan or Loans, the execution, sealing, acknowledgment and delivery of any such other instruments, documents, agreements or certifications by such corporate officers to be conclusive evidence of such requirement … .
>
> FURTHER RESOLVED, that said officers be and they are hereby authorized and empowered at any time and from time to time in the name of and on behalf of the Corporation to mortgage, pledge, assign, hypothecate or grant a security interest in any or all of the assets or properties of the Corporation, now owned or hereafter acquired, to secure any such Loan or Loans or any extensions and renewals

> thereof and in connection therewith said officers be and they are hereby authorized and empowered at any time and from time to time in the name of and on behalf of the Corporation to execute, acknowledge, seal and deliver to the Lender any instruments and agreements including, without limitation, mortgages, deeds of trust, pledges, assignments and security agreements, containing such terms, conditions, covenants and agreements of the Corporation as may be agreed upon by the Lender and said officers, the execution, sealing, acknowledgment and delivery of any such mortgages, deeds of trust, pledges, assignments and security agreements by such corporate officers to be conclusive evidence of such agreement.

Again, a literal reading of the document demonstrates that the vice president had the necessary authorization to execute the Agreement.

The Assignment and Security Agreement is also impressed with ARC's corporate seal. As is typical in any financial transaction, the copies of the Agreement bear the customary "[SEAL]" designation on the execution page as confirmation that the original document bears the corporate seal. If you require further verification, the original Agreement will be made available for you to review, provided, of course, that appropriate precautions are taken to prevent it from going astray.

3. The execution of the Power of Attorney

Classical Receivables is not a corporation, so it does not have a corporate seal, nor does it have directors or pass resolutions at board meetings. The Certificate of Incumbency demonstrates Mr. Terhune's authority to execute the Notice and Instrument of Assignment on behalf of Classical as attorney in fact for ARC. The Resolutions by Consent in Writing reinforce this point.

We invite you to take advantage of this final opportunity to avoid the costs of a lawsuit by confirming that you will accept the assignment of your contract.

Very truly yours,

Nigel E. Jacques
for BAKER & HOSTETLER LLP

cc. (w/o encs.) Captain Reggie Harris, Esq.

G:\Nej7033\86270\00011\CORRESPONDENCE\ganos.ltr05.doc

19

# INSTRUMENT OF ASSIGNMENT

REFERENCE CONTRACT NUMBER: F08602-99-CK006 ("Contract")

KNOW ALL MEN BY THESE PRESENTS: That AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego California 92108-4004, for value received and in accordance with the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15), the undersigned Contractor, as Assignor, does hereby assign, set over, and transfer unto CLASSICAL FINANCIAL SERVICES, L.L.C., 530 Oak Court Drive, Suite 400, Memphis, Tennessee 38117, as Assignee, all of Assignor's right, title and interest to all payments, from the Department of the Air Force, 6th Air Refueling Wing, or from any agency or department accruing under the above referenced contract. Assignor acknowledges that upon delivery by the Assignee to said agency of a Notice of Assignment with respect to said contract, all payments due or to become due under said contract are to be made to the Assignee.

The Assignee shall not be held responsible for the performance of any work or for the manufacture or delivery of any of the items mentioned in said Contract.

AMERICAN RENOVATION &
CONSTRUCTION COMPANY (Assignor)

By: Classical Financial Services, L.L.C.
Attorney in Fact pursuant to an Irrevocable Power of Attorney Granted July 15, 1996

By: Dennis R. Terhune
Dennis R. Terhune, Chief Manager

Assignment accepted at Memphis, Tennessee this 6th day of July, 2000.

CLASSICAL FINANCIAL SERVICES, L.L.C.
(Assignee)

By: Dennis R. Terhune
Dennis R. Terhune, Chief Manager

Sworn and subscribed before me by the foregoing named officer of Classical Financial Services, L.L.C. this 6th day of July, 2000, at Memphis, Tennessee.

Renette Williams
Notary Public
(SEAL)

RENETTE WILLIAMS NOTARY PUBLIC AT LARGE SHELBY CO., TN

My Commission Expires: 9/8/03

30

# NOTICE OF ASSIGNMENT

To: Contracting Officer
Department Of The Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621-5000

This has reference to Contract No. F08602-99-CK006 dated March 31, 1999, entered into between AMERICAN RENOVATION & CONSTRUCTION COMPANY, 3645 Camino Del Rio South, San Diego, California 92108-4004 (hereinafter, the "Assignor") and the Department Of The Air Force to construct JNCO Family Housing Units, Phases III and IV.

PLEASE TAKE NOTICE that moneys due or to become due under the contract described above have been assigned to the CLASSICAL FINANCIAL SERVICES, L.L.C., (hereinafter, the "Assignee"), pursuant to the provisions of the Assignment of Claims Act of 1940, as amended (31 U.S.C. Section 3727, 41 U.S.C. Section 15) and the Federal Acquisition Regulations ("FAR") relating thereto (48 U.S.C. Subsections 32.800-32.806).

A true copy of the Instrument of Assignment executed by the Assignor on July 6, 2000 is attached to the original hereof.

Payments due or to become due under Contract should be made to the assignee as follows: checks should be made payable to CLASSICAL FINANCIAL SERVICES, L.L.C., (CAGE Code: 1H2R3) and remitted to the Assignee at: CLASSICAL FINANCIAL SERVICES, L.L.C., P.O. Box 281370, Atlanta, Georgia 30384-1370.

Please return to the undersigned at your earliest convenience the three enclosed copies of this Notice with appropriate notations showing the date and hour of receipt, and duly signed by the person acknowledging receipt on behalf of the addressee.

By: Dennis R. Terhune

Dennis R. Terhune
Title: Chief Manager
CLASSICAL FINANCIAL SERVICES, L.L.C.

Receipt is hereby acknowledged of the above Notice and a copy of the above mentioned Instrument of Assignment. These were received at ____________ a.m/p.m. on __________________________, 2000.

DEPARTMENT OF THE AIR FORCE
6TH CONTRACTING SQUADRON/LGCC

________________________________________
(Signature)

________________________________________
(Title)

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

ATTORNEYS AT LAW

7929 Westpark Drive, Suite 400
McLean, Virginia 22102-4224

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.wthf.com

John B. Tieder, Jr.
Robert G. Watt
Julian F. Hoffar
Robert M. Fitzgerald
Robert K. Cox
Charles E. Raley
Lewis J. Baker
Benjamin T. Riddles, II
Wayne G. Tatusko
Richard G. Mann, Jr.
Henry D. Danforth
Carter B. Reid
Mark A. Sgarlata
Michael G. Long*
Thomas J. Powell
Edward J. Parrott
Steven J. Weber
Paul A. Varela
Vivian Katsantonis
Kathleen O. Barnes
Christopher P. Pappas*
Shelly L. Ewald
Christopher J. Brasco
John G. Lavoie
Robert C. Niesley*
Colin J. Smith
Jean V. Miller
Gregory J. Dukellis*
Fred A. Mendicino
William J. Burch*
Michael D. Germain*
Robert G. Barbour
Keith C. Phillips
Marybeth Z. Gaul
Timothy E. Heffernan*
W. Drew Mallender
Charles R. Gossage*
Joseph W. Rasnic
Heidi B. Hering
James M. Donahue
Bennett J. Lee*
Todd R. Metz*
Michael R. Gandee*
Michael P. Hutchins*
Joseph S. Guarino
Lewis I. Askew, Jr.
Erica S. Beardsley
Erica B. Robinett*
David F. McPherson*
Harish Mirchandani*
William H. Kennedy, Jr.
Michael J. Kirwin
David R. Johnson*
Peter L. Vanderloo
Scott W. Kowalski
C. Kelly Skrabak
J. Brian Cashmere
Joseph C. McGowen*
Michele Mintz
Kyle A. Ostergard*
Denis W. Kohl
Elizabeth A. Hall
Jack E. Kerrigan
Nicholas M. Sarris
S. Jerome Rosenbaum
Gwynne W. Guzzeau
Christopher M. Anzidei
Michelle G. Hicks
Laura A. Shelkey
Akin Alcitepe

*Not Admitted in Virginia

August 24, 2000

**VIA TELECOPIER/U.S. MAIL**
**(813) 828-3667**

Mr. Michael C. Ganos
Contracting Officer
Dept. of the Air Force
6th Contracting Squadron/LGCC
6th Air Refueling Wing
2606 Brown Pelican Avenue
MacDill AFB, Florida 33621

| | | |
|---|---|---|
| Re: | Contractor: | American Renovation and Construction Company, Inc. |
| | Surety: | St. Paul Fire and Marine Insurance Company |
| | Contract Nos.: | F08602-99-CK006 (hereinafter "Contract") |
| | Project: | Family Housing Units Phase III & IV, MacDill AFB (hereinafter "Project") |

Dear Mr. Ganos:

Our law firm represents St. Paul Fire and Marine Insurance Company ("St. Paul"), the Performance and Payment Bond surety for American Renovation and Construction Company, Inc. ("ARC") on the above referenced Government Project. St. Paul has been advised that Classical Financial Services, L.L.C. ("Classical Financial") and/or Classical Receivables Funding Company, L.L.C. ("Classical Receivables") (collectively referred to as "Classical") have been submitting assignment agreements to Contracting Officers of various ARC projects which purport to assign contract payments to Classical. You probably have already been informed by ARC that it disputes the validity of the purported assignments and that the matter between ARC and Classical is currently in litigation in Federal District Court in Atlanta, Georgia.

As we are certain you would agree, St. Paul has a vested interest as the Performance and Payment Bond surety in having all ARC bonded projects achieve a successful completion, and St. Paul does not want the invalid assignments to jeopardize in any way timely Contract completion. We are writing to set forth St. Paul's position that the assignments presented by Classical are not valid and that payments should continue to be made to ARC in order to ensure continued Project performance and timely payments to ARC's subcontractors and suppliers.

ARC and Classical Receivables entered into a financing arrangement in July 1996 in which Classical Receivables agreed to advance funds to ARC against ARC's receivables from various Government contracts. The relationship between ARC and Classical Receivables soured, apparently when Classical Receivables' checks to ARC's subcontractors and suppliers were returned for insufficient funds. ARC then revoked the parties' agreement and filed a lawsuit against Classical Receivables for breach of the agreement, fraud and other causes of action. Classical responded in April 2000 by sending purported assignment agreements dated September 1999 to the Government, which allegedly assigned all contract proceeds to Classical Financial. ARC immediately disputed the validity of the September 1999 assignments and Government Contracting Officers rightly rejected these assignments as not in compliance with the Assignment of Claims Act, 31 U.S.C. §3727 and 41 U.S.C. §15, and the Federal Acquisition Regulations ("FAR") §§32.800-32.805. Moreover, the alleged assignment was made to Classical Financial which was not the Lender as per the parties' July 1996 agreement.[1]

Classical Receivables then took the extraordinary step of executing assignments on behalf of ARC under the Power of Attorney contained in the original financing agreement between ARC and Classical Receivables. These assignments were executed by Mr. Dennis Terhune, Chief Manager of Classical Receivables on May 24, 2000 on behalf of ARC and purported to assign all contract proceeds to Classical Receivables. These self-serving documents were executed by Classical Receivables after termination of the financing agreement by ARC, and after the institution of litigation by both ARC and Classical Receivables regarding the agreement. These assignments have rightfully been questioned and rejected by at least two Government Contracting Officers. [See enclosed Government letters dated June 8, 2000 and June 27, 2000]

Neither assignment asserted by Classical complies with FAR 32.805, which requires that an assignment be executed on behalf of a corporation by an officer and attested to by the corporate secretary. The September 1999 assignment is attested by ARC's Treasurer. Moreover, as noted above, the September 1999 assignment is not made to the proper entity. Additionally, the June 2000 assignment is not attested at all, since no one from ARC signed that document. Further, the Surety did not receive Notice of these assignments as required by 31 U.S.C. §3727(c)(3), 41 U.S.C. §15(b)(3)(B) and FAR §32.802. This failure to provide notice to the Surety renders the assignment void to the

---

[1] The Assignment of Claims Act and the FAR require that an assignment be made to a financing institution. In this case, the Lender was Classical Receivables, not Classical Financial. The September 1999 assignments were also obtained by Classical Financial under false pretenses.

extent the surety is prejudiced. New Amsterdam Casualty Co. v. Manufacturers & Traders Trust Co., 330 F.2d 575 (2d. Cir. 1964); Central Nat'l. Ins. Co. of Omaha v. Tri-County State Bank, 823 F.Supp. 652 (D. Minn. 1993)

The Assignment of Claims Act, 31 U.S.C. §3727 and 41 U.S.C. §15, provides a limited exception to the general prohibition on the assignment of United States Government contract payments. As such, all requirements of the Act must be strictly complied with and fully satisfied. United California Discount Corp. v. United States, 19 Cl. Ct. 504 (1990). As the pertinent cases consistently hold, any alleged assignment must be strictly scrutinized for compliance with the Act. Id.; American Financial Assocs., Ltd. v. United States, 5 Cl. Ct. 761 (1984), aff'd, 755 F.2d 912 (Fed. Cir. 1985); see FAR 32.802, 32.805. It is clear that the alleged Classical assignments do not comply with the Assignment of Claims Act or the FAR for assignment of contract payments and should not be honored by the Government.

Moreover, any progress payments made by the Government represent funds for the payment of ARC's subcontractors and suppliers. Unless and until the subcontractors and suppliers are paid, ARC has no interest in the payments which can be assigned to Classical or any other entity. In fact, with respect to funds held for payment of subcontractors and suppliers, St. Paul as the Performance Bond surety has a superior right to such funds even over a valid assignment to the financing institution. Industrial Bank of Washington v. United States, 424 F.2d 932 (D.C. Cir. 1970); New Amsterdam Casualty Co., 330 F.2d 575; Central Nat'l. Ins. Co. of Omaha, 823 F.Supp. 652.

In summary, St. Paul concurs with the position of the Government Contracting Officers set forth in the two Government letters dated June 8, 2000 and June 27, 2000 (attached hereto) that the assignments to Classical are not valid under the Assignment of Claims Act and the FAR and should not be honored by the Government on this Project. St. Paul is obviously interested in seeing that all ARC bonded projects achieve a successful completion. In this regard, we would request that St. Paul be provided advance notice of any action by the Government to honor any asserted assignment to Classical or to otherwise withhold payment of funds to ARC. Also in order for St. Paul to track progress of the jobs, St. Paul would appreciate a status report on the Projects, to include Project progress (percent complete vs. planned completion), the adjusted Contract price, the amount paid to date, and any actual or potential Government withholding for liquidated damages or deficiencies. Please forward the status report to my attention as soon as possible.

Thank you for your cooperation, and please do not hesitated to contact me if you have any questions concerning this matter.

Very truly yours,

**WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.**

Robert G. Watt

Enclosures

cc: Rick Levesque, Esq. (St. Paul)
William Bruckner, Esq.
Lesa Christenson, Esq.

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 3

| 2. AMENDMENT/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISITION/PURCHASE REQ. NO. | 5. PROJECT NO.(If applicable) |
|---|---|---|---|
| P00014 | 22-Jun-2001 | | |

6. ISSUED BY CODE F08602
6TH CONTRACTING SQUADRON
2606 BROWN PELICAN AVE

MACDILL AFB, FL 33621-5000

7. ADMINISTERED BY (If other than item 6) CODE
See Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)

AMERICAN RENOVATION & CONSTRUCTION CO.
3645 CAMINO DEL RIO SOUTH

SAN DIEGO, CA 92108-4004

CODE 1GHG36T FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MOD. OF CONTRACT/ORDER NO.
F08602-99-C-K006

X 10B. DATED (SEE ITEM 13)
31-Mar-1999

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning copies of the document; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN THE REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

☐ A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

☐ B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

☐ C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D. OTHER (Specify type of modification and authority)
52.232-23 -- Assignment of Claims.
52.232-23 -- Assignment of Claims (Jan 86)

E. IMPORTANT: Contractor [X] is not, ☐ is required to sign this document and return copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

The purpose of this modification is to include the Assignment of Claims, dated 12 June 2001.

1. The assignment sign by Tony Dethloff, President; Blanche Richardson, Secretary; and notarized by Belinda M Silvas is hereby incorprated.

2. The appropriate signatures were verified by the submittal of the "action by unanimous written consent of the board of directors of American Renovation & Construction Company" dated December 21, 1999.

3. All other terms and condition remain the same.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
BENJAMIN KOSSES / CHIEF, PLANS AND PROGRAMS FLIG

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY [signature]
(Signature of Contracting Officer)

16C. DATE SIGNED
22-Jun-2001

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED<br>F08602-99-C-K006-P00014 | PAGE<br>2 OF 3 |
|---|---|---|

NAME OF OFFEROR OR CONTRACTOR
AMERICAN RENOVATION & CONSTRUCTION CO.

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

SUMMARY OF CHANGES

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED<br>F08602-99-C-K006-P00014 | PAGE<br>3 OF 3 |
|---|---|---|

NAME OF OFFEROR OR CONTRACTOR
AMERICAN RENOVATION & CONSTRUCTION CO.

Changes in Section 00800

Summary for the Payment Office

As a result of this modification, the total funded amount of the contract is increased by $0.00 from $15,737,915.67 to $15,737,915.67



28