**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant** | **Case No. 03-1798C**<br>**(Chief Judge Damich)** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CLASSICAL FINANCIAL SERVICES, LLC'S MOTION TO INTERVENE AS PLAINTIFF**

**APPENDIX A**


| | Pages |
|---|---|
| Affidavit of Marc Brown | 1-3 |
| ▪ Exhibit 1, Performance and Payment Bonds | 4-7 |
| ▪ Exhibit 2, Indemnity Agreement | 8-20 |
| ▪ Exhibit 3, Contract Modification No. P00014 | 21-28 |
| ▪ Exhibit 4, Final Decision, Termination for Default | 29-31 |
| ▪ Exhibit 5, Contract Modification No. P00018 | 32-41 |

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | Case No. 03-1798C<br>(Chief Judge Damich) |

**AFFIDAVIT OF MARC BROWN**

1. I am a Surety Claims Manager for The St. Paul Travelers Companies, Inc. ("St. Paul Travelers")

2. I am responsible on behalf of St. Paul Travelers for overseeing matters involving St. Paul Travelers' interests relating to the construction project at MacDill Air Force Base that is the subject of this lawsuit.

3. I have personal knowledge of the matters set forth herein.

4. On March 31, 1999, American Renovation and Construction Company, Inc. ("ARC") entered into Contract Number F08602-99-CK006 (the "Contract") with the United States ("Defendant" or "Government") to perform certain construction work on a project known as: Construct JNCO Family Housing Units, Phases III and IV, MacDill AFB, Florida (the "Project").

5. On April 20, 1999, The St. Paul Fire and Marine Insurance Company ("St. Paul" or the "Surety") executed performance and payment bonds,

Bond No. KA6329 (the "Bond"), as a condition of the Contract. A true copy of the Bond is attached as Exhibit 1 hereto.

6. Pursuant to a corporate merger, on or about April 1, 2004, St. Paul Travelers assumed all of the rights and obligations of St. Paul.

7. On April 20, 1999, "for the purpose of inducing [St. Paul] to become surety on the [Bond]," ARC, as the Bond Principal, and ARC's indemnitors executed an Agreement of Indemnity relating to the Contract. A true copy of the Agreement of Indemnity is attached as Exhibit 2 hereto.

8. On or about June 22, 2001, the Contracting Officer issued Contract Modification No. P00014, duly acknowledging, and incorporating into the Contract, an assignment by ARC of all Contract proceeds to First Union National Bank in strict accordance with the procedures mandated per the Anti-Assignment Act. Thereafter, Contract proceeds were disbursed in accordance with the Assignment. A true copy of Contract Modification No. P00014 is attached as Exhibit 3 hereto.

9. On July 29, 2002, Defendant issued a Contracting Officer's Final Decision terminating ARC's Contract for alleged default on the Project. A true copy of the Contracting Officer's Final Decision is attached as Exhibit 4 hereto.

10. On August 7, 2002, St. Paul entered into a Takeover Agreement with the Government to complete the Project. A true copy of the Takeover Agreement is attached as Exhibit 5 hereto.

11. St. Paul has incurred more than $8,431,876 in costs and expenses relating to the performance of work on this Project in excess of Contract revenues it has received to date.

12. I have reviewed the Bond file and determined that Classical Financial Services, LLC had not provided St. Paul any Notice of Assignment of proceeds from the Contract at issue in this case.

13. I have also reviewed the Contract Modifications issued by the Government and determined that the Government did not modify the Contract or otherwise make payments out of the Contract funds to Classical Financial Services, LLC.

Further affiant sayeth not.

[signature]
Marc Brown

Subscribed and sworn to before me, a Notary Public of and for the State of Washington, County of King, this 6th day of December, 2004.

NOTARY PUBLIC
MARCIA A. WEBB
STATE OF WASHINGTON
My Commission Expires Dec. 15, 2004

Marcia A. Webb
Notary Public

My Commission expires: Dec. 15, 2004

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

AMERICAN RENOVATION AND CONSTRUCTION COMPANY,

Plaintiff,

v.

THE UNITED STATES

Defendant

Case No. 03-1798C
(Chief Judge Damich)

**AFFIDAVIT OF MARC BROWN**

**EXHIBIT 1**

NO. KA6329

The St Paul

FORM APPROVED OMB NO. 9000-0045

| PERFORMANCE BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* April 20, 1999 |
|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL *(Legal name and business address)*
AMERICAN RENOVATION & CONSTRUCTION COMPANY
3645 Camino Del Rio South
San Diego, CA 92108-4004

TYPE OF ORGANIZATION ("X" one)
☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: California

SURETY(IES) *(Name(s) and business address(es))*
ST. PAUL FIRE AND MARINE INSURANCE COMPANY
385 Washington Street, St. Paul, Minnesota 55102

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENT(S) |
|---|---|---|---|
| 6 | 233 | 629 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| | F08602-99-CK006 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The Principal has entered into the contract identified above.

**THEREFORE:**

The above obligation is void if the Principal —

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) perform and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | |
|---|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) | Corporate Seal |
| Name(s) & Title(s) (Typed) | 1. | 2. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) |
| Name(s) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | | | | |
|---|---|---|---|---|
| Name & Address | St. Paul Fire and Marine Insurance Co. 385 Washington Street, St. Paul, Minn. | STATE OF INC. Minn. | LIABILITY LIMIT $144,348,000 | Corporate Seal |
| Signature(s) | 1. [signature] | 2. | | |
| Name(s) & Title(s) (Typed) | 1. Glenn K. Arakaki Attorney-In-Fact | 2. | | |

NSN 7540-01-152-8060 PREVIOUS EDITION NOT USABLE EXPIRATION DATE 12-31-92 25-107
17507 Rev. 2-90 Printed in U.S.A.

STANDARD FORM 25 (REV. 1-90) Prescribed by GSA FAR (48 CFR) 53.228(b)

| CORPORATE SURETY(IES) (Continued) | | | | | |
|---|---|---|---|---|---|
| SURETY B | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |
| SURETY C | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |
| SURETY D | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |
| SURETY E | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |
| SURETY F | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |
| SURETY G | Name & Address | | STATE OF INC. | LIABILITY LIMIT $ | *Corporate Seal* |
| | Signature(s) | 1. | 2. | | |
| | Name(s) & Title(s) *(Typed)* | 1. | 2. | | |

500,000 @7.20 3,600
,000,000 @5.04 10,080
,500,000 @4.32 10,800
,233,629 @3.84 4,737

| BOND PREMIUM ▶ | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $* | $ 29,217.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorization person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form insert only the letter identification of the sureties.

(b) Where individual sureties are involved, two or more responsible persons shall execute the bond. A completed Affidavit of Individual Surety (Standard Form 28), for each individual surety, shall accompany the bond. The Government may require these sureties to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25 BACK (Rev. 1-90)

Bond No. KA6329
Premium included in performance bond

**The St Paul**

FORM APPROVED OMB NO. 9000-0045

# PAYMENT BOND

*(See Instructions on reverse)*

DATE BOND EXECUTED *(Must be same or later than date of contract.)*
April 20, 1999

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL *(Legal name and business address)*
AMERICAN RENOVATION & CONSTRUCTION COMPANY
3645 Camino Del Rio South
San Diego, CA 92108-4004

TYPE OF ORGANIZATION *("X" one)*
☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION
California

SURETY(IES) *(Name(s) and business address(es))*
ST. PAUL FIRE AND MARINE INSURANCE COMPANY
385 Washington Street, St. Paul, Minnesota 55102

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENT(S) |
|---|---|---|---|
| 6 | 233 | 629 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| | F08602-99-CK006 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | |
|---|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) | *Corporate Seal* |
| Name(s) & Title(s) *(Typed)* | 1. | 2. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| Signature(s) | 1. (Seal) | 2. (Seal) |
| Name(s) *(Typed)* | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | | | | |
|---|---|---|---|---|
| Name & Address | St. Paul Fire and Marine Insurance Co. 385 Washington Street, St. Paul, Minn. | STATE OF INC. Minn. | LIABILITY LIMIT $ 144,348,000 | *Corporate Seal* |
| Signature(s) | 1. [signature] | 2. | | |
| Name(s) & Title(s) *(Typed)* | 1. Glenn K. Arakaki Attorney-In-Fact | 1. | | |

NSN 7540-01-152-8061
PREVIOUS EDITION NOT USABLE

EXPIRATION DATE 12-31-92

25-205

STANDARD FORM 25-A (REV. 1-90)
Prescribed by GSA
FAR (48 CFR 53.228(c))

17505 Rev. 2-90 Printed in U.S.A.

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | Case No. 03-1798C<br>(Chief Judge Damich) |

**AFFIDAVIT OF MARC BROWN**

**EXHIBIT 2**

The St Paul
Surety

Seaboard Surety Company
New York, New York
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company
St. Paul, Minnesota
Capital Stock Companies

# AGREEMENT OF INDEMNITY FOR SPECIFIC CONTRACT OR PROPOSAL BOND(S)

1. Full name of Principal
AMERICAN RENOVATION & CONSTRUCTION COMPANY
Address (*Street, City, State, Zip Code*)
3645 Camino Del Rio South, San Diego, CA 92108-4004

2. Amount of Bond $ 6,233,629.00 — ☒ Final ☐ Proposal — Contract Price $

3. Full Name of Obligee
DEPARTMENT OF THE AIR FORCE
Address (*Street, City, State, Zip Code*)
6TH AIR REFUELING WING (AMC) MACDILL AIR FORCE BASE, FLORIDA

4. Nature of Contract
CONTRACT NO. F08602-99-CK006, PROJECT NO. NVZR99-3702/00-3708

5. If bond is a Proposal will it operate as a final bond?

THE UNDERSIGNED PRINCIPAL AND INDEMNITORS (hereinafter collectively called the Undersigned) for the purpose of inducing SEABOARD SURETY COMPANY and/or ST. PAUL FIRE AND MARINE INSURANCE COMPANY and/or ST. PAUL GUARDIAN INSURANCE COMPANY and/or ST. PAUL MERCURY INSURANCE COMPANY (hereinafter called the Surety) to become surety on the bond or bonds identified above, and in consideration of its so doing, HEREBY JOINTLY AND SEVERALLY COVENANT AND AGREE with the Surety, its successors and assigns, as to said bond or bonds and as to all other bonds heretofore or hereafter executed or procured for or at the request of the Principal with respect to the project identified above, that:

1. The Surety may decline to issue a bond or bonds, and no claim shall be made against the Surety in consequence of its failure to execute such bond; nor shall any claim be made in case any bond executed be not accepted by or on behalf of the obligee.

2. If the Surety executes or has executed any such bond with co-sureties, or reinsures or has reinsured any portion thereof, or procures or has procured the execution of any such bond, the terms and conditions of this agreement shall be for the benefit of the Surety, the co-sureties, the reinsuring companies and the procured sureties, as their interest may appear.

3. They will pay in advance the premiums for such bond or bonds, and any additional premiums accruing in respect thereof, in accordance with the Surety's Manual of Rates applicable thereto.

4. They will indemnify the Surety and hold it harmless from and against any and all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of whatever kind or nature which the Surety may sustain or incur by reason or in consequence of having executed or procured the execution of the bond or bonds aforementioned and/or which the Surety may sustain or incur in making any investigation, in settling any claims or in defending or prosecuting any actions, suits or other proceedings which may be made or brought under or in connection therewith, and/or in recovering or attempting to recover salvage or any unpaid bond premium, in obtaining or attempting to obtain release from liability, or in enforcing any of the covenants of this agreement; and they will pay over, reimburse and make good to the Surety, its successors or assigns, all money which the Surety or its representatives shall pay, or cause to be paid or become liable to pay, by reason of the execution of any such bond or bonds, such payment to be made to the Surety as soon as it shall become liable therefor, whether the Surety shall have paid out such sum or any part thereof, or not. The Surety, in its sole discretion, from time to time may advance funds for or in connection with the completion of the work under contract within the purview of this agreement, and for the discharge of obligations incurred in connection therewith or relating thereto, and such advances shall be deemed "losses" under the terms of this agreement.

5. They will hold all payments received for or on account of the contracts covered by such bond or bonds as a trust fund in which the Surety has an interest, for the payment of obligations incurred for labor, materials and services furnished to the Principal or to others in the prosecution of the work provided in such contracts or any extension or modification thereof.

6. They will, on the request of the Surety, procure the Surety's discharge, or the Surety may at any time take such steps as it may deem necessary or proper to procure its discharge, from any and all liability under said bond or bonds and the Surety shall, at its option, have the right to use the Principal's name and to assert all rights and privileges of the Principal and to be discharged from liability for the future default of the Principal, and to secure and further indemnify itself against loss, without waiving any rights it may have against the Undersigned.

bonds; and the obligees of such bonds hereby are authorized to furnish to the Surety, upon request, information concerning such contracts and t! work thereunder. The financial condition of the Principal being at all times a proper concern of the Surety, the Surety from time to time until its li bility under all such bonds is terminated may examine the books and records of the Principal.

8. All persons, firms, associations and corporations having information concerning the affairs and operations of the Undersigned hereby a authorized and directed to disclose such information to the Surety upon request; and the Surety, and every such person, firm, association and corpor tion hereby are released and discharged of any and all claims, liability and responsibility which they or any of them might otherwise incur or be su ject to for or by reason of any such disclosure or for or by reason of the disclosure by the Surety to others of any information obtained by it from a source whatsoever.

9. For the better protection and security of the Surety, the Undersigned, as of the date hereof, do hereby assign, transfer, and set over unto tl Surety, all of their right, title and interest in and to all supplies, tools, plant, equipment, and materials (whether completely manufactured or no wherever located which have been or hereafter may be purchased, used, or acquired for use, entirely or partly, in the performance of the aforesa contracts, and also all of their rights in and to all subcontracts relating to said work which have been or hereafter may be made, together with tl materials embraced therein, and all surety bonds securing the performance of, or the discharge of obligations incurred in connection with, such sul contracts; and the Surety and its authorized representatives are authorized to take possession of said supplies, tools, plant, equipment, materials, sul contracts and bonds, and enforce, use and enjoy the title thereto and the possession thereof in the event of any default on the part of the Principal : the performance of any contract herein above referred to, failure of the Principal to promptly pay, satisfy and discharge any and all obligations whi might constitute possible claim under the bond or a charge or lien upon the contract funds or the owner's property, or any breach of the terms of th agreement.

10. In the event of any breach of, or delay or default in the performance of, any contract covered by any such bond or bonds, or failure of tl Principal promptly to pay, satisfy and discharge any and all obligations which might constitute possible claim under any such bond or a lien or char upon any unpaid contract balance, or any breach of the terms of this agreement: (a) The Undersigned do hereby assign, transfer and set over unto tl Surety, as of the date hereof, all of the right, title and interest of the Undersigned in and to all of the deferred payments and retained percentages, ar any and all moneys and properties that may be, and that thereafter may become, due and payable to the Principal on account of, and all claims ar actions and causes of action relating to, such contract or on account of or relating to extra work or materials supplied in connection therewith, ar any and all other moneys or properties of the Principal, hereby agreeing that such money and the proceeds of such payments, properties, claim actions and causes of action shall be the sole property of the Surety to be by it credited upon any sum due or to become due the Surety under tl terms of this agreement; and (b) the Surety, at its option and in its sole discretion, may take possession of all or any part of the work under any co tract covered by any such bond or bonds, and at the expense of the Undersigned complete, or cause the completion of, such work, or re-let, or conse to the re-letting or completion thereof; and in such event, may invite the Obligee, and the Obligee is authorized, to declare the Principal in defau under such contract, any provisions thereof to the contrary notwithstanding. Neither the Surety nor the Obligee shall incur any liability to any of tl Undersigned in the exercise of the rights granted by this Section 10 (b), except for deliberate and willful malfeasance.

11. If it becomes necessary or advisable in the judgment of the Surety to control, administer, operate or manage any or all matters connect with the performance of any contract within the purview of this agreement for the purpose of attempting to minimize any ultimate loss to tl Undersigned and the Surety, or for the purpose of discharging its obligations of suretyship, the Undersigned hereby expressly covenant and agree th such action on the part of the Surety shall be entirely within its rights and remedies under the terms of this agreement and as Surety, and do heret fully release and discharge the Surety, in this connection, from liability for all actions taken by it or for its omissions to act, except for deliberate a willful malfeasance.

12. If the Surety shall deem it necessary to set up a reserve in any amount to cover any contingent claim or claims, loss, costs, attorney's fe and disbursements and/or expenses in connection with any such bond or bonds by reason of default of the Principal, abandonment of contract, lie filed, unpaid and past due bills, dispute with the owner or obligee, or for any reason whatsoever, and regardless of any proceedings contemplated taken by the Principal or the pendency of any appeal, the Undersigned, within ten (10) days after receipt of written demand, as evidenced by regist return receipt, will deposit with the Surety current funds in an amount sufficient to cover such reserve and any increase thereof, such funds to be he by the Surety as collateral, in addition to the indemnity afforded by this instrument, with the right to use such funds or any part thereof, at any tim in payment or compromise of any judgment, claims, liability, loss, damage, attorney's fees and disbursements or other expenses; and if the Surety required to enforce performance of this covenant by action at law or in equity, the costs, charges, and expenses, including attorneys' fees, which may thereby incur, shall be included in such action and paid by the Undersigned. Demand shall be sufficient if sent by registered mail to t Undersigned at the address given herein or last known to the Surety.

13. The Surety shall have the exclusive right for itself, and for the Principal, to determine whether any claim, suit, action, order, judgment adjudication, made or brought against the Surety and/or the Principal on any such bond, or any claim or action or cause of action assigned to tl Surety under Section 10 (a) of this agreement, shall be paid, compromised, tried or appealed, and its decision shall be final, conclusive and bindi upon the Undersigned.

14. In the event of a breach of any of the covenants of this agreement, the Undersigned and each of them authorize and empower any attorn of any State of the United States, the District of Columbia, or any territory or possession thereof, on behalf of the Surety and upon filing in any co of competent jurisdiction a copy of this agreement duly certified as correct by an officer of the Surety, to appear for the Undersigned and each them, and confess judgment against the Undersigned, for any sum or sums of money up to the amount of any bond or bonds within the purview this agreement, with costs, interest and attorneys' fees; this authority to continue until the Surety's liability under such bond or bonds shall ha wholly terminated and the Surety has been fully reimbursed for all loss, costs, expenses and attorneys' fees, incurred or sustained in connection ther with and with this agreement. Whenever the laws of the applicable jurisdiction shall provide a method for confession of judgment to which the autho ty hereby given will not apply, the Undersigned will execute upon the Surety's demand such papers as will carry into effect the entry of judgment l confession as above agreed against the Undersigned. Whenever the laws of the applicable jurisdiction do not provide a method for the confession judgment, the Undersigned hereby authorize and empower any attorney in the applicable jurisdiction to accept service of process and enter an appe ance for and on behalf of the Undersigned, in connection with any action, suit or proceedings instituted by the Surety in any Court of competent jur diction, in the applicable jurisdiction, concerning or relating in any way to this agreement, or to the contracts or bond or bonds mentioned herein.

15. In any action, suit or proceeding brought by the Surety to enforce any of the covenants of this agreement, the costs and expenses, includi attorneys' fees, incurred by the Surety in connection therewith may be included in any judgment or decree rendered against the Undersigne Separate suits against one or more of the Undersigned may be brought hereunder as causes of action accrue, and the bringing of suit, or the recove of judgment upon any cause of action, shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or the after arising.

defend or attempt to defend any action, suit or proceeding on the ground that he is entitled to the benefit or advantage of any valuation, stay, appraisement or homestead exemption law or laws of any Sate of the United States, the District of Columbia, or any territory or possession thereof, now in force or hereafter enacted; hereby expressly waiving any and all such defense or advantages both as a defense in any such action and in connection with the execution of any judgment arising out of such action.

17. Each of the Undersigned, for himself, his heirs, executors, administrators, successors and assigns, does hereby covenant and agree that until the Surety shall have been discharged and relieved of and from any and all liability under such bond or bonds and proper evidence of such discharge from liability is furnished to the Surety, this instrument shall be deemed to impose a claim against his assets and estate, actual and contingent, in the amount of such bond or bonds, with the same force and effect as any other debt.

18. No act or omission of the Surety in modifying, amending, limiting or extending any bond or bonds within the purview of this agreement shall in any way wise affect the Undersigned's liability hereunder, and the Surety may alter, change, modify, amend, limit, or extend any such bond, and may execute renewals thereof, or other and new obligations in its place, or in lieu thereof, without notice to the Undersigned, notice being expressly waived, and the Undersigned shall be liable to the Surety as fully and to the same extent on account of any such altered, changed, modified, amended, limited or extended bond, or such renewals thereof, or other or new obligations in its place or in lieu thereof, as if the same were described at length herein.

19. The Undersigned waive notice of any act, fact or information coming to the notice or knowledge of the Surety concerning or affecting its rights or liability under any such bond or bonds, or the Undersigned's rights or liabilities hereunder.

20. If the execution of this instrument by any of the Undersigned shall be invalid for any reason, or if any of the Undersigned shall be released from his obligations hereunder, the terms and conditions hereof shall nevertheless be binding upon and continue in full force and effect as to the rest of the Undersigned; nor shall any claim that the Surety was to have procured additional indemnity or security in respect of any bond within the purview of this agreement constitute a defense to any claim by the Surety hereunder. This agreement, although executed subsequent to the issuance of any bond referred to herein, is of the same force and effect as though executed prior to the issuance thereof.

21. If any provision or provisions of this instrument be void or unenforceable under the laws of any place governing its construction or enforcement, this instrument shall not be void or vitiated thereby but shall be construed and enforced with the same effect as though such provision or provisions were omitted. All rights and remedies of the Surety under this instrument shall be cumulative, and the exercise of any particular right or remedy at any time shall not be considered to be an election of remedy or a waiver of any other right or remedy.

22. The undersigned Principal hereby irrevocably constitutes and appoints Surety its, or his, true and lawful attorney for and in the name, place and stead of said Principal to execute any and all instruments, and to do and perform any and all other acts and things requisite or proper, to vest in the Surety absolute title to any and all funds, property and/or rights in Sections 9 and 10 (a) hereof assigned, transferred and conveyed and to secure to the Surety the full and effective use and enjoyment of the rights granted the Surety under Sections 6, 10 (b), 11, 13 and 14 hereof; hereby giving and granting to said attorney full power and authority to do and perform all and every act and thing whatsoever, requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as the undersigned Principal might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney or its substitute shall lawfully do or cause to be done by virtue hereof.

23. As used herein, the singular shall include the plural, and the plural the singular, and the masculine pronoun shall be read as feminine or neuter, as circumstances require.

24. It is hereby agreed and understood that Amendment I is hereby made part of this agreement

Dated this 20TH day of APRIL, 19 99

PRINCIPAL:

AMERICAN RENOVATION & CONSTRUCTION COMPANY

By ______

Ivan Velasquez (Officer's name and title if a corporation; Partner's name if a partnership) President

By ______
(A Partner)

By ______
(A Partner)

**IMPORTANT!**

If the Principal or any Indemnitor be a **CORPORATION**, corporate name must be signed in full with the officer's **NAME** and **TITLE** on line below. Corporate seal must be impressed. If **CO-PARTNERSHIP**, firm name must be signed with name of member acting on its behalf, and each member shall sign individually as well. Show **ADDRESS** of each indemnitor. This instrument should be properly **ACKNOWLEDGED**.

INDEMNITOR(S):

AMERICAN RENOVATION & CONSTRUCTION COMPANY

Anthony Dethloff, Individually

Anthony J. Jemison, Individually

Kimberly McMahon, Individually

Francis N. Todd, Individually

## INDIVIDUAL ACKNOWLEDGMENT

State of ______________________, County of ______________________, ss.

On this __________ day of __________________, 19_____, before me personally appeared ____________________________

______________________________________________________________, to me known to be the person(s) described in ar who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

______________________________
Notary Public

## CORPORATE ACKNOWLEDGMENTS

State of ______________________, County of ______________________, ss.

On this __________ day of __________________, 19_____, before me appeared ____________________________

to me personally known, who, being by me duly sworn, did say that he is the __________________ of ____________________

____________________________________________ and that the seal affixed to said instrument is the corporate seal of said corporatior and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________

__________________________ acknowledged said instrument to be the free act and deed of said corporation.

______________________________
Notary Public

State of ______________________, County of ______________________, ss.

On this __________ day of __________________, 19_____, before me appeared ____________________________

to me personally known, who, being by me duly sworn, did say that he is the __________________ of ____________________

____________________________________________ and that the seal affixed to said instrument is the corporate seal of said corporatior and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________

__________________________ acknowledged said instrument to be the free act and deed of said corporation.

______________________________
Notary Public

State of ______________________, County of ______________________, ss.

On this __________ day of __________________, 19_____, before me appeared ____________________________

to me personally known, who, being by me duly sworn, did say that he is the __________________ of ____________________

____________________________________________ and that the seal affixed to said instrument is the corporate seal of said corporatioı and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________

__________________________ acknowledged said instrument to be the free act and deed of said corporation.

______________________________
Notary Public

## PARTNERSHIP ACKNOWLEDGMENT

State of ______________________, County of ______________________, ss.

On this __________ day of __________________, 19_____, before me appeared ____________________________

______________________________________________________________, to me known and known to me to be tl person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm ‹

______________________________________________________________, consisting of himself an

______________________________________________________________, and that he execute

the foregoing instrument in the firm name of ______________________________________________ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm ‹

______________________________________________________________

for the uses and purposes mentioned therein.

______________________________
Notary Public

AMENDMENT 1

TO BE ATTACHED TO AND FORM PART OF AGREEMENT OF INDEMNITY FOR SPECIFIC CONTRACT OR PROPOSAL BONDS DATED THIS 20TH DAY OF APRIL 1999.

INDEMNITORS(S)

BY: ______________________________
Ivan Velasquez, Individually

SOLPAC, INC.

BY: ______________________________
Stephen W. Thompson, President

## INDIVIDUAL ACKNOWLEDGMENT

State of ______________________, County of ______________________, ss.

On this __________ day of ________________, 19_____, before me personally appeared ______________________

________________________________________, to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

______________________
Notary Public

## CORPORATE ACKNOWLEDGMENTS

State of CALIFORNIA, County of SAN DIEGO, ss.

On this 26 day of APRIL, 19 99, before me appeared IVAN VELASQUEZ to me personally known, who, being by me duly sworn, did say that he is the PRESIDENT of AMERICAN RENOVATION & CONSTRUCTION CO., INC. and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said PRESIDENT acknowledged said instrument to be the free act and deed of said corporation.

De Anna M. Hawks
Notary Public

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

State of ______________________, County of ______________________, ss.

On this __________ day of ________________, 19_____, before me appeared ______________________ to me personally known, who, being by me duly sworn, did say that he is the ________________ of ______________________ ______________________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________________ acknowledged said instrument to be the free act and deed of said corporation.

______________________
Notary Public

State of ______________________, County of ______________________, ss.

On this __________ day of ________________, 19_____, before me appeared ______________________ to me personally known, who, being by me duly sworn, did say that he is the ________________ of ______________________ ______________________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________________ acknowledged said instrument to be the free act and deed of said corporation.

______________________
Notary Public

## PARTNERSHIP ACKNOWLEDGMENT

State of ______________________, County of ______________________, ss.

On this __________ day of ________________, 19_____, before me appeared ______________________ ______________________, to me known and known to me to be the person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm of ______________________, consisting of himself and ______________________, and that he executed the foregoing instrument in the firm name of ______________________ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm of ______________________ for the uses and purposes mentioned therein.

______________________
Notary Public

## INDIVIDUAL ACKNOWLEDGMENT

State of CALIFORNIA, County of SAN DIEGO, ss.

On this 26 day of APRIL, 19 99, before me personally appeared ANTONY DETHLOFF

__________, to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

__________

Notary Public

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

## CORPORATE ACKNOWLEDGMENTS

State of __________, County of __________, ss.

On this _____ day of __________, 19___, before me appeared __________ to me personally known, who, being by me duly sworn, did say that he is the __________ of __________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said __________ acknowledged said instrument to be the free act and deed of said corporation.

__________

Notary Public

State of __________, County of __________, ss.

On this _____ day of __________, 19___, before me appeared __________ to me personally known, who, being by me duly sworn, did say that he is the __________ of __________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said __________ acknowledged said instrument to be the free act and deed of said corporation.

__________

Notary Public

State of __________, County of __________, ss.

On this _____ day of __________, 19___, before me appeared __________ to me personally known, who, being by me duly sworn, did say that he is the __________ of __________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said __________ acknowledged said instrument to be the free act and deed of said corporation.

__________

Notary Public

## PARTNERSHIP ACKNOWLEDGMENT

State of __________, County of __________, ss.

On this _____ day of __________, 19___, before me appeared __________

__________, to me known and known to me to be the person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm of __________, consisting of himself and __________, and that he executed the foregoing instrument in the firm name of __________ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm of __________ for the uses and purposes mentioned therein.

__________

Notary Public

## INDIVIDUAL ACKNOWLEDGMENT

State of CALIFORNIA, County of SAN DIEGO, ss.

On this 26 day of APRIL, 19 99, before me personally appeared FRANCIS TODD ______________, to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

[signature]

Notary Public

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

## CORPORATE ACKNOWLEDGMENTS

State of ______________, County of ______________, ss.

On this ________ day of ______________, 19____, before me appeared ______________ to me personally known, who, being by me duly sworn, did say that he is the ______________ of ______________ ______________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________ ______________ acknowledged said instrument to be the free act and deed of said corporation.

______________
Notary Public

State of ______________, County of ______________, ss.

On this ________ day of ______________, 19____, before me appeared ______________ to me personally known, who, being by me duly sworn, did say that he is the ______________ of ______________ ______________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________ ______________ acknowledged said instrument to be the free act and deed of said corporation.

______________
Notary Public

State of ______________, County of ______________, ss.

On this ________ day of ______________, 19____, before me appeared ______________ to me personally known, who, being by me duly sworn, did say that he is the ______________ of ______________ ______________ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______________ ______________ acknowledged said instrument to be the free act and deed of said corporation.

______________
Notary Public

## PARTNERSHIP ACKNOWLEDGMENT

State of ______________, County of ______________, ss.

On this ________ day of ______________, 19____, before me appeared ______________ ______________, to me known and known to me to be the person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm of ______________, consisting of himself and ______________, and that he executed the foregoing instrument in the firm name of ______________ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm of ______________ for the uses and purposes mentioned therein.

______________
Notary Public

## INDIVIDUAL ACKNOWLEDGMENT

State of CALIFORNIA, County of SAN DIEGO, ss.

On this 26 day of APRIL, 19 99, before me personally appeared ANTHONY JEMISON

______, to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

## CORPORATE ACKNOWLEDGMENTS

State of ______, County of ______, ss.

On this ______ day of ______, 19____, before me appeared ______

to me personally known, who, being by me duly sworn, did say that he is the ______ of ______

______ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______

______ acknowledged said instrument to be the free act and deed of said corporation.

______
Notary Public

State of ______, County of ______, ss.

On this ______ day of ______, 19____, before me appeared ______

to me personally known, who, being by me duly sworn, did say that he is the ______ of ______

______ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______

______ acknowledged said instrument to be the free act and deed of said corporation.

______
Notary Public

State of ______, County of ______, ss.

On this ______ day of ______, 19____, before me appeared ______

to me personally known, who, being by me duly sworn, did say that he is the ______ of ______

______ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ______

______ acknowledged said instrument to be the free act and deed of said corporation.

______
Notary Public

## PARTNERSHIP ACKNOWLEDGMENT

State of ______, County of ______, ss.

On this ______ day of ______, 19____, before me appeared ______

______, to me known and known to me to be the person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm of ______

______, consisting of himself and ______

______, and that he executed the foregoing instrument in the firm name of ______ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm of ______

for the uses and purposes mentioned therein.

______
Notary Public

INDIVIDUAL ACKNOWLEDGMENT

State of CALIFRONIA, County of SAN DIEGO, ss.

On this 26 day of APRIL, 19____, before me personally appeared KIMBERLY MCMAHON ____ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

[signature] ____

Notary Public

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

CORPORATE ACKNOWLEDGMENTS

State of ____, County of ____, ss.

On this ____ day of ____, 19____, before me appeared ____ to me personally known, who, being by me duly sworn, did say that he is the ____ of ____ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ____ acknowledged said instrument to be the free act and deed of said corporation.

____
Notary Public

State of ____, County of ____, ss.

On this ____ day of ____, 19____, before me appeared ____ to me personally known, who, being by me duly sworn, did say that he is the ____ of ____ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ____ acknowledged said instrument to be the free act and deed of said corporation.

____
Notary Public

State of ____, County of ____, ss.

On this ____ day of ____, 19____, before me appeared ____ to me personally known, who, being by me duly sworn, did say that he is the ____ of ____ and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said ____ acknowledged said instrument to be the free act and deed of said corporation.

____
Notary Public

PARTNERSHIP ACKNOWLEDGMENT

State of ____, County of ____, ss.

On this ____ day of ____, 19____, before me appeared ____ ____, to me known and known to me to be the person who executed the above instrument, who being duly sworn by me, did for himself depose and say that he is a member of the firm of ____, consisting of himself and ____, and that he executed the foregoing instrument in the firm name of ____ and that he had authority to sign same, and he did duly acknowledge to me that he executed the same as the act and deed of said firm of ____ for the uses and purposes mentioned therein.

____
Notary Public

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

No. 5907

State of California

County of San Diego

On April 26, 1999 before me, DeAnna M. Hawks, Notary Public
DATE — NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared Ivan Velasquez,
NAME(S) OF SIGNER(S)

☑ personally known to me - **OR** - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

WITNESS my hand and official seal.

DeAnna M. Hawks
SIGNATURE OF NOTARY

## OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER

☑ INDIVIDUAL
☐ CORPORATE OFFICER

_______________
TITLE(S)

☐ PARTNER(S) ☐ LIMITED ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _______________

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

### DESCRIPTION OF ATTACHED DOCUMENT

_______________
TITLE OR TYPE OF DOCUMENT

_______________
NUMBER OF PAGES

_______________
DATE OF DOCUMENT

_______________
SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

No. 5907

State of California

County of San Diego

On April 26, 1999 before me, DeAnna M. Hawks, Notary Public
DATE — NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared Stephen W. Thompson,
NAME(S) OF SIGNER(S)

☑ personally known to me - **OR** - ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

DE ANNA M. HAWKS
COMM. # 1167369
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires Jan. 20, 2002

WITNESS my hand and official seal.

DeAnna M. Hawks
SIGNATURE OF NOTARY

## OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

### CAPACITY CLAIMED BY SIGNER

☐ INDIVIDUAL
☑ CORPORATE OFFICER
President
TITLE(S)
☐ PARTNER(S) ☐ LIMITED ☐ GENERAL
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: ______

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

### DESCRIPTION OF ATTACHED DOCUMENT

TITLE OR TYPE OF DOCUMENT

NUMBER OF PAGES

DATE OF DOCUMENT

SIGNER(S) OTHER THAN NAMED ABOVE

©1993 NATIONAL NOTARY ASSOCIATION • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184