IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | Case No. 03-1798C<br>(Chief Judge Damich) |

AFFIDAVIT OF MARC BROWN

EXHIBIT 3

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 3

2. AMENDMENT/MODIFICATION NO.: P00014
3. EFFECTIVE DATE: 22-Jun-2001
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (If applicable):

6. ISSUED BY — CODE F08602
6TH CONTRACTING SQUADRON
2606 BROWN PELICAN AVE

MACDILL AFB, FL 33621-5000

7. ADMINISTERED BY (If other than item 6) — CODE
See Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)

AMERICAN RENOVATION & CONSTRUCTION CO.
3645 CAMINO DEL RIO SOUTH

SAN DIEGO, CA 92108-4004

CODE 1GHG36T — FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MOD. OF CONTRACT/ORDER NO. F08602-99-C-K006
X 10B. DATED (SEE ITEM 13) 31-Mar-1999

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning copies of the document; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN THE REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

☐ A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

☐ B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

☐ C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D. OTHER (Specify type of modification and authority)
52.232-23 -- Assignment of Claims.
52.232-23 -- Assignment of Claims (Jan 86)

E. IMPORTANT: Contractor [X] is not, [ ] is required to sign this document and return copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

The purpose of this modification is to include the Assignment of Claims, dated 12 June 2001.

1. The assignment sign by Tony Dethloff, President; Blanche Richardson, Secretary; and notarized by Belinda M Silvas is hereby incorprated.

2. The appropriate signatures were verified by the submittal of the "action by unanimous written consent of the board of directors of American Renovation & Construction Company" dated December 21, 1999.

3. All other terms and condition remain the same.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
BENJAMIN KOSSES / CHIEF, PLANS AND PROGRAMS FLIG

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY (signature)
(Signature of Contracting Officer)

16C. DATE SIGNED
22-Jun-2001

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED<br>F08602-99-C-K006-P00014 | PAGE<br>2 OF 3 |
|---|---|---|

NAME OF OFFEROR OR CONTRACTOR
AMERICAN RENOVATION & CONSTRUCTION CO.

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

SUMMARY OF CHANGES

| CONTINUATION SHEET | REFERENCE NO. OF DOCUMENT BEING CONTINUED<br>F08602-99-C-K006-P00014 | PAGE 3 OF 3 |
|---|---|---|

NAME OF OFFEROR OR CONTRACTOR
AMERICAN RENOVATION & CONSTRUCTION CO.

Changes in Section 00800

Summary for the Payment Office

As a result of this modification, the total funded amount of the contract is increased by $0.00 from $15,737,915.67 to $15,737,915.67

**Notice of Assignment**

To: Department of the Air Force
6th Contracting Squadron/LGCC, 2606 Brown Pelican Avenue
MacDill Air Force Base, FL 33621-5000
Attn: Mike Ganos, Contracting Officer

This has reference to Contract No. F08602-99-CK006 (Bond No. KA632999) entered into between American Renovation and Construction Company, 3645 Camino Del Rio South, San Diego, California 92108-4004 and Department of the Air Force, 6th Contracting Squadron/LGCC, 2606 Brown Pelican Avenue, MacDill Air Force Base, FL 33621-5000, for Construction of JNCO Family Housing Units, Phases III and IV. This also has reference to an ACH Vendor/Miscellaneous Payment Enrollment Form regarding Contract No. F08602-99-CK006.

Moneys due or to become due under the contract described above have been assigned to the undersigned under the provisions of the Assignment of Claims Act of 1940, as amended 31 U.S.C. 3727, 41 U.S.C. 15.

A true copy of the instrument of assignment executed by the Contractor on June 13, 2001, is attached to the original notice. Also attached is a copy of the Enrollment form executed by the Assignee on June 12, 2001.

Payments due or to become due under this contract should be made to the undersigned assignee. Please return to the undersigned the three enclosed copies of this notice with appropriate notations showing the date and hour of receipt, and signed by the person acknowledging receipt on behalf of the addressee.

Very truly yours,

FIRST UNION NATIONAL BANK

By: [signature]
Greta Wright, Vice President

First Union National Bank
Corporate Trust Department
2525 West End Avenue, Suite 1200
Nashville, Tennessee 37203

Acknowledgment

Receipt is acknowledged of the above notice and of a copy of the instrument of assignment. They were received 1100 (a.m.) (p.m.) on 19 June, 2001.

By: Michael C. Lavans
Title: Contracting Officer

On behalf of:
Department of the Air Force
6th Contracting Squadron/LGCC
2606 Brown Pelican Avenue
MacDill Air Force Base, FL 33621-5000

cc: The St. Paul Companies

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned, American Renovation & Construction Company, hereinafter called Assignor, hereby assigns, transfers and sets over to First Union National Bank, a national banking association, hereinafter called Collateral Agent, all Contract Funds of any nature, including, but not limited to, progress payments, earned or unearned funds, change orders, extras, claims of any nature, retainages, whether held in escrow accounts, Certificates of Deposit, or similar accounts or instruments, with all the interest accruing thereon, and whether said Contract Funds are due now or in the future under the following described contract:

| | |
|---|---|
| Obligee: | United States Air Force |
| Bond No.: | KA632999 |
| Project: | Construction of JNCO Family Housing Units, Phases III and IV, MacDill AFB, FL (#F08602-99-CK006) |

Monies due or to become due under the contract described above have been assigned to First Union National Bank under the provisions of the Assignment of Claims Act of 1940, as amended 31 U.S.C. 3727, 41 U.P.S.C. 15. Any and all moneys or payments that may be received by the Assignor to which the Collateral Agent is entitled under and by reason of this Assignment will be received by Assignor as trustee for the Collateral Agent and will be immediately delivered in kind to Collateral Agent without commingling. Assignor hereby represents and warrants to the Collateral Agent that the moneys above have not heretofore been alienated or assigned.

This Assignment is irrevocable and shall remain in full force and effect until its release in writing by Collateral Agent. Notice of this Assignment may be given at the option of the Collateral Agent. That the general nature of the business out of which such accounts arise or are to arise is construction. This Assignment and all related documents are in furtherance of the Collateral Agent's right of subrogation and Continuing Agreement of Indemnity and not in derogation thereof.

IN WITNESS WHEREOF, the Assignor has caused its name to be subscribed hereto this 13th day of June, 2001.

AMERICAN RENOVATION &
CONSTRUCTION COMPANY

By: [signature]

Title: PRESIDENT

ATTESTED TO:

By: Blanche Richardson
Secretary

SUBSCRIBED AND SWORN to before me this 13th day of June, 2001.

BELINDA M. SILVAS
Commission # 1247691
Notary Public - California
San Diego County
My Comm. Expires Dec 30, 2003

Belinda M. Silvas
Notary Public in and for the State of California

Residing at County of San Diego

My Commission Expires: Dec. 30, 2003

Receipt of the Assignment and a copy thereof are hereby acknowledged. These were received on ____________________, 2001.

[Obligee]

By:______________________________

Receipt of the Assignment and a copy thereof are hereby acknowledged. These were received on ____________________, 2001.

[Bank, if retainage held in escrow account or CD's]

By:______________________________

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | Case No. 03-1798C<br>(Chief Judge Damich) |

**AFFIDAVIT OF MARC BROWN**

**EXHIBIT 4**

# DEPARTMENT OF THE AIR FORCE
## 6TH AIR MOBILITY WING (AMC)
## MACDILL AIR FORCE BASE, FLORIDA

29 Jul 02

MEMORANDUM FOR AMERICAN RENOVATION AND CONSTRUCTION
3645 Camino Del Rio South
San Diego, CA 92108-4004

FROM: 6 CONS/CC
2606 Brown-Pelican Ave.
MacDill AFB, FL 33621-5000

SUBJECT: Final Decision, Termination for Default
Contract F08602-99-CK006, Construct MFH, Phase III and IV

1. Your right to proceed with subject contract is hereby terminated for default in accordance with contract clause I-702, FAR 52.249-10 Default (Fixed-Price Construction) (Apr 1984).

2. American Renovation and Construction Company's progress has failed to complete the contract by the completion date established by the contract, its proposed revised schedule, or the revised date established by the government. American Renovation and Construction Company's failure to perform is not excusable, and our notice of termination constitutes such decision.

3. The services terminated may be purchased against your account and you will be held liable for any excess costs. The government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs. American Renovation and Construction Company has the right to appeal such decision under the Disputes clause.

4. This notice is effective upon receipt. You are hereby directed to stop all operations associated with this project and depart MacDill AFB immediately. All material and equipment shall remain on site. You are allowed to remove personal property only from this installation. All base passes will be returned to the Contracting Officer.

5. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals [Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, Falls Church, VA

22041-3208] and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. § 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

5. You may contact Mr. Benjamin Kosses, Contracting Officer, should you have any question regarding this notice.

RICHARD T. FUENTES, Lt Col., USAF
Termination Contracting Officer

cc
St. Paul Fire & Marine Insurance Co.
First Union National Bank

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY, | Case No. 03-1798C (Chief Judge Damich) |
| Plaintiff, | |
| v. | |
| THE UNITED STATES | |
| Defendant | |

AFFIDAVIT OF MARC BROWN

EXHIBIT 5

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 3

2. AMENDMENT/MODIFICATION NO.: P00018
3. EFFECTIVE DATE: 07-Aug-2002
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (If applicable):

6. ISSUED BY CODE F08602
6TH CONTRACTING SQUADRON
2606 BROWN PELICAN AVE
MACDILL AFB FL 33621-5000

7. ADMINISTERED BY (If other than item 6) CODE F08602
6TH CONTRACTING SQUADRON
2606 BROWN PELICAN AVE
MACDILL AFB FL 33621-5000

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
ST. PAUL FIRE & MARINE INSURANCE CO.
5801 SMITH AVE. MC53
BALTIMORE MD 21209

9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MOD. OF CONTRACT/ORDER NO. F08602-99-C-K006
X 10B. DATED (SEE ITEM 13) 31-Mar-1999

CODE | FACILITY CODE

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
See Schedule

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

X B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

Takeover Agreement

See continuation sheet

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
BENJAMIN KOSSES / CONTRACTING OFFICER

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)

15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY [signature]
(Signature of Contracting Officer)

16C. DATE SIGNED
19-Aug-2002

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

33

SECTION SF 30 BLOCK 14 CONTINUATION PAGE

SUMMARY OF CHANGES

Changes in Section G

Summary for the Payment Office

The total funded amount of the contract remains unchanged.

A. This modification is issued to incorporate the Takeover Agreement (6 pages) between the United States Air Force and St. Paul Fire & Marine Insurance Co. (surety). Agreement was signed on 7 Aug 02.

B. Total contract value and unpaid balance are as stated on page 2, paragraph 3 of the Takeover Agreement.

C. Original contract completion date and revised contract completion date are as stated on page 3, paragraph 6 of the Takeover Agreement.

D. All payments will be made to the assignee (First Union Bank) as stated on page 3, paragraph 5d of the Takeover Agreement.

E. All other terms and conditions remain unchanged.

# TAKEOVER AGREEMENT

This contract is for the completion of work under Defaulted Contract F08602-99-CK006.

This Takeover Agreement ("Agreement") is made and entered into this 7th day of August 2002, by St. Paul Fire and Marine Insurance Company ("Surety") and the United States of America, acting by and through the Department of the Air Force ("Government").

WHEREAS, American Renovation & Construction Company ("Contractor") entered into Contract No. F08602-99-CK006 ("Contract") with the Government on 1 April 1999 for $6,233,629.00 for JNCO Housing, Phases 3 and 4, at the MacDill Air Force Base in Florida ("Project") in accordance with the terms and conditions of the Contract, including all contract documents forming a part of the Contract;

WHEREAS, as required by the Miller Act (40 U.S.C. 270b) and under the terms and conditions of the Contract, the Contractor and the Surety delivered to the Government, a Performance Bond, No. KA632999 in the penal sum of $6,233,629.00, and a Payment Bond, No. KA63299 in the penal sum of $2,500,000.00, on behalf of ARC as principal and naming the Government as obligee;

WHEREAS, on 29 July 2002 the Government notified the Contractor and Surety that the Contract was terminated for default;

WHEREAS, the Government has called upon the Surety, and the Surety is offering, to fulfill its obligations as surety under the terms of the Performance Bond and to promptly complete the work required by the Contract;

WHEREAS, the Surety has undertaken the completion of the Contract in accordance with the terms of the Performance Bond, the Contract and this Agreement, provided that it will receive up to the entire remaining contract balance as more fully defined and set forth below;

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements contained herein, the Government and the Surety agree as follows:

## AGREEMENTS

1. The Surety, as a "completing surety" under FAR 49.404, hereby agrees to undertake the performance of the Contract, including all modifications thereto, which has not been completed, including warranty work and correction of defective work, in accordance with the terms and provisions thereof, and agrees to be bound by the Contract. The provisions of the Contract, as heretofore modified and amended, are incorporated herein by reference. The Government acknowledges that the Surety, by its execution of this Agreement, is acting in its capacity as surety for the Contractor, in making arrangements for the performance and completion of the Contract (not as a completing contractor), and that the Surety is not assuming any obligations or liabilities beyond those set forth in the Performance Bond for completion of the Contract. As to

the completion of the Contract, except as otherwise provided in this Agreement, the Surety is entitled to all rights, title, and interest of the Contractor to the Contract in all respects as if the Surety were the original party to the Contract. The term "Contractor" as used in the Contract shall be deemed after the effective date of this Agreement to refer to the Surety rather than American Renovation & Construction Company.

2. The Government acknowledges and provides its approval that the Surety will subcontract the performance of the work under the Contract to Solpac, Inc., d/b/a Soltek Pacific ("Completion Contractor"). The Surety may satisfy the required insurance obligations under the Contract by providing evidence of the required insurance coverage carried by the Completion Contractor, with the Surety being named as an additional insured under the policies. It is acknowledged that no contractual relationship exists between the Completion Contractor and the Government and that the Government shall look only to the Surety for completion of the Contract and for compliance with the terms of this Agreement.

3. The Government and Surety agree that as of the date of this Agreement:

a. The amount of the Contract, including changes and modifications issued to date, is the sum of $15,737,915.67;

b. The Contractor completed work valued at $13,066,580.13 and was paid the sum of $12,230,082.18;

c. The Government is holding the sum of $836,497.95 as retainage pursuant to the terms of the Contract;

d. The Contract Completion Date (1 July 2002) has been reached. The Government has not withheld liquidated damages to date;

e. The "Remaining Contract Balance" is defined as the Contract amount, minus the amount paid to the defaulted Contractor. As of the date of voluntary default, the Remaining Contract Balance is $3,507,833.49.

4. The Government agrees that the Remaining Contract Balance is dedicated and will be applied to the completion of the Contract pursuant to this Agreement and will be paid directly to the Surety, plus or minus any additional amounts of money as a result of any modifications, as the work progresses.

5. The Surety agrees to complete the work according to the terms and conditions of the Contract, and the Government agrees to pay the Surety up to the balance of the Contract price unpaid at the time of default (Remaining Contract Balance), but not in excess of the Surety's costs and expenses, subject to the following:

a. Any unpaid earnings of the defaulted Contractor, including retainage and progress estimates for work accomplished before termination, shall be subject to debts due the Government, by the

defaulted Contractor, except to the extent that unpaid earnings may be used for payment to the Surety for its actual costs and expenses incurred in the completion of work, exclusive of its payments and obligations under the Payment Bond.

b. The Government does not waive or release its right to liquidated damages for delays in completion of the work, except to the extent that such delays are excusable under the Contract.

c. The Surety shall not be paid any amount in excess of its total expenditures necessarily made in completing the work and discharging its liabilities under the Payment Bond of the defaulted Contractor. Furthermore, payments to the Surety to reimburse it for discharging its liabilities under the Payment Bond of the defaulted Contractor shall only be on authority of mutual agreement between the Surety and Government, a determination of the Comptroller General, or by order of a court of competent jurisdiction. The Surety agrees to indemnify the Government from claims by the defaulted Contractor for payments to the Surety for reimbursement of Payment Bond losses. Said indemnity shall include defending any such claim by the defaulted Contractor and shall hold the Government harmless from any costs, expense, or judgment arising from said claim.

d. Pursuant to FAR 49.404(e)(3), First Union Bank, located in Tennessee ("Assignee"), is the Assignee of the Contract proceeds and the Surety will not be paid from unpaid earnings unless the Assignee provides written consent.

6. The Surety assumes the completion date of the Contract as originally awarded, 11 Aug 2000, and currently revised to 1 July 2002 under Modification No. P00015. The Government may extend the completion date pursuant to the clauses of the Contract permitting time extensions. The Surety agrees to provide to the Government a schedule for completing the remaining work in accordance with the terms of the Contract within fourteen (14) days of the signing of this Agreement.

7. To the extent the Government has any right, title or interest therein, the Government agrees that the Surety and Completion Contractor shall have the right to use, without charge, any of the equipment, materials and appurtenances furnished or supplied by the defaulted Contractor for this Project, which may be stored on or about the premises of the Project site. In addition, they may use materials that may have been fabricated for the use in connection with the Contract, whether or not presently upon the Project site within fourteen days of signing of this agreement

8. The Surety shall specifically authorize, in writing, who will be its representative ("Authorized Individual") solely for the purposes set forth in this paragraph. For purposes of this Agreement, the Surety designates Dave Carlin as the

Authorized Individual for representing the Surety in dealing with the Government on day-to-day construction issues and contract administration with respect to the Project. The Surety hereby designates the Authorized Individual to prepare and process invoices and pay estimates on the Contract as work progresses. However, the Surety will sign all invoices for pay estimates submitted to the Government. After execution of this Agreement, a letter of authority shall be issued from the Surety outlining the parameters and dollar limits of the authority of the Authorized Individual to negotiate and settle modifications to the Contract.

9. Surety agrees that nothing contained herein shall be construed as constituting an acceptance by the Government of the work heretofore performed by the Contractor.

10. The total liability of the Surety under this Agreement and the Performance Bond for the performance of work, after the expenditure of the remaining Contract balance, shall not exceed $6,233,629.00 and the amount of any future Contract modifications properly issued under the Contract. All payments properly made by the Surety for the performance of the Contract shall be credited against the penal sum of the Performance Bond. Nothing in this Agreement constitutes a waiver of such penal sum or an increase or decrease in the liability of the Surety under the Performance Bond. Surety may cause further work to complete the Contract to cease on its behalf if it has expended the penal sum of the Performance Bond.

11. The Payment Bond shall remain in full force and effect in accordance with its terms and provisions. The total liability of the Surety under the Payment Bond is limited to and shall not exceed the penal amount of the Payment Bond in the amount of $2,500,000.00 and the amount of Contract modifications properly issued under the Contract. All Payment Bond payments properly made by the Surety shall be credited against the penal sum of the Payment Bond. Nothing in this Agreement constitutes a waiver of such penal sum or an increase or decrease in the liability of the Surety under the Payment Bond.

12. The Government and Surety agree that the Surety's satisfactory completion of the Contract shall satisfy and discharge Surety's obligation under this Agreement.

13. The Surety shall maintain separate records and accounts covering all costs incurred and expenditures made by Surety in completing the work. The Surety shall make such records and accounts and supporting vouchers available for inspection and verification by the contracting officer, the Comptroller General, or their authorized representatives until the expiration of three years from the date of final payment hereunder.

14. This Agreement is solely for the benefit of the Government and the Surety. The Parties do not intend by any provision of this Agreement to create any rights in, or increase the rights of, any third-party beneficiaries, nor to confer any benefit upon, or any enforceable rights under this Agreement, or otherwise upon anyone other than the parties to this Agreement. Specifically, the Parties acknowledge that nothing in this Agreement shall extend or increase the rights of any third-party claimants, or the

liabilities or obligations of the Surety under the Bonds; nor shall this Agreement be construed to decrease the already existing obligations of the Surety under the Bonds.

15. This Agreement constitutes the whole of the understanding, discussions, and agreements between the Government and the Surety. The terms and provisions of this Agreement are contractual and not mere recitals. The Government and the Surety acknowledge that there have been no oral, written, or other Agreements of any kind as a condition precedent to, or to induce the execution and delivery of this Agreement. Any written or oral discussions conducted prior to the effective date of this Agreement shall not in any way vary or alter the terms of this Agreement. Nothing in this Agreement shall be construed to be a waiver by the Government of the terms of the Contract or the law of the United States.

16. This Agreement shall not be changed, amended or altered in any way except in writing and executed by the Parties.

17. This Agreement shall be binding on the parties and their respective successors and assigns.

18. In the event that one or more provisions of this Agreement shall be declared to be invalid, illegal or unenforceable in any respect, unless such invalidity, illegality or unenforceability shall be tantamount to a failure of consideration, the validity, legality and enforceability of the remaining provisions contained in this Agreement shall not in any way be affected or impaired thereby.

19. It is understood and agreed by the Government and the Surety that this Agreement shall be construed without regard to any presumption or other rule requiring construction against the party drafting this Agreement.

20. The Surety expressly reserves all prior rights, equitable liens and subrogation rights under the Contract, at law or in equity, including those rights and remedies that accrued prior to the execution of this Agreement and those rights and remedies that may accrue during the completion of the Contract. No waiver of such rights is agreed to or implied or intended, regardless of any provisions of this Agreement to the contrary. Nothing contained herein shall be construed to waive or modify any right, claim, defense and/or remedy of Contractor (American Renovation & Construction Company) related to the Contract, and all such rights are expressly reserved.

21. The Government expressly reserves any and all prior rights under the Contract or at law. No waiver of such rights is agreed to or implied or intended, regardless of any provisions of this Agreement to the contrary.

22. The Surety will commence work at the site within ten days (10) of signing this agreement and agrees that time is of the essence in completing the Contract.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date indicated above and each of the undersigned personally represent and warrant that they have the full power, right and authority to execute this Agreement on behalf of the respective Parties.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY

BY ______________________________

UNITED STATES OF AMERICA

**BENJAMIN KOSSES**
**Contracting Officer**

BY ______________________________
Contracting Officer

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,** | ) | |
| **Plaintiff,** | ) | **Case No. 03-1798C (Chief Judge Damich)** |
| **v.** | ) | |
| **THE UNITED STATES** | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CLASSICAL FINANCIAL SERVICES, LLC'S MOTION TO INTERVENE AS PLAINTIFF**

**APPENDIX B**


| | Pages |
|---|---|
| Department of Air Force Letter to Classical Financial Services | 42-43 |

**DEPARTMENT OF THE AIR FORCE**
**6TH AIR REFUELING WING (AMC)**
**MACDILL AIR FORCE BASE, FLORIDA**

23 May 00

MEMORANDUM FOR Classical Financial Services
Attn: Mr. Garnett Noyes
530 Oak Court Drive, Suite 400
Memphis, TN 38117

FROM: 6th Contracting Squadron/LGCC
Attn: TSgt Eric Johnson
2606 Brown Pelican Ave
MacDill AFB, FL 33621-5000

SUBJ: Contract F08602-99-CK006, Notice of Assignment

1. In response to your letter, dated 19 Apr 00, regarding executed Instruments of Assignment and Notices of Assignment, LLC, I requested a legal review. After careful analysis, I must inform you that the Government can't accept this Instrument of Assignment because it's invalid.

2. The Instrument of Assignment that you received from American Renovation and Construction Company (ARC) doesn't comply with the procedural requirements of Federal Acquisition Regulation (FAR) clause 32.805. FAR clause 32.805(a)(1)(ii) states that "assignments by corporations shall be attested by the secretary or the assistant secretary of the corporation..." Neither the secretary nor the assistant secretary of ARC attested to the Instrument of Assignment provided to me by your client. The Instrument of Assignment states that Kim McMahon, the treasurer of ARC, attested to the instrument. Hence, the Instrument of Assignment isn't valid.

3. Since the Instrument of Assignment doesn't comply with the requirements of FAR 32.805, the Government can't begin making payments to you. Therefore, I am returning the attached Instruments of Assignment and Notices of Assignment.

4. If you have any questions, please contact TSgt Johnson at (813) 828-7481 or the undersigned at (813) 828-7482.

MICHAEL C. GANOS
Contracting Officer

2 Atch:
1. Instrument of Assignment
2. Notice of Assignment

cc: Baker and Hostetler, LLP

43