**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY,**<br>**Plaintiff,**<br><br>**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**<br>**Intervenor Plaintiff,**<br><br>**v.**<br><br>**CLASSICAL FINANCIAL SERVICES, LLC,**<br>**Intervenor Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br>**Defendant.** | ) | **Case No. 03-1798C**<br>**(Chief Judge Damich)** |

**INTERVENOR'S COMPLAINT**
**(ST. PAUL FIRE & MARINE INSURANCE COMPANY)**

COMES NOW the Intervenor, St. Paul Fire & Marine Insurance Company ("St. Paul" or "Surety" or "Intervenor"), by counsel, and as its Intervenor's Complaint in the captioned matter states as follows:

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction over this matter pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§601-613, and the Tucker Act, 28 U.S.C. §1491, et seq.

2. Plaintiff American Renovation and Construction Company ("ARC") is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Encinitas, California.

3. The Defendant is the United States of America, acting through its agency, bureau, instrumentality and/or agent, the Department of the Air Force (the “Air Force” or the “Government”).

4. The Intervenor, St. Paul, is a corporation duly authorized to engage in the business of executing surety bonds in the State of Florida.

**BACKGROUND FACTS**

5. On March 31, 1999, ARC entered into Contract Number F08602-99-CK006 (the "Contract") with the Government to perform certain construction work on a project known as: Construct JNCO Family Housing Units, Phases III and IV, MacDill AFB, Florida (the “Project”).

6. On April 20, 1999, St. Paul executed performance and payment bonds, Bond No. KA6329 (the "Bonds"), as a condition of the Contract. A true copy of the Bonds is attached as Exhibit 1 to the Affidavit of Marc Brown, dated December 6, 2004. *See* Docket 29, Appendix Pages 1-41.

7. On April 20, 1999, "for the purpose of inducing [St. Paul] to become surety on the [Bond]," ARC, as the Bond Principal, and ARC’s indemnitors executed an Agreement of Indemnity relating to the Contract. A true copy of the Agreement of Indemnity is attached as Exhibit 2 to the Affidavit of Marc Brown, dated December 6, 2004.

8. On July 29, 2002, Defendant issued a Contracting Officer's Final Decision terminating ARC's Contract for alleged default on the Project. A true copy of the Final Decision is attached as Exhibit 4 to the Affidavit of Marc Brown, dated December 6, 2004.

9. On August 7, 2002, St. Paul entered into a Takeover Agreement with the Government to complete the Project. A true copy of the Takeover Agreement is included in Exhibit 5 to the Affidavit of Marc Brown, dated December 6, 2004.

10. Pursuant to numbered paragraph 1 of the Takeover Agreement, "[t]he term 'Contractor' as used in the Contract shall be deemed after the effective date of this Agreement [August 7, 2002] to refer to the Surety rather than American Renovation & Construction Company."

11. St. Paul incurred costs and expenses relating to the performance of work on this Project.

12. On July 28, 2003, Plaintiff filed the Complaint, Docket 1, in this action.

13. On or about May 4, 2005, Classical filed an Intervenor's Complaint, Docket 42, in this lawsuit.

**COUNT I**
**(St. Paul's Equitable Subrogation Rights)**

14. St. Paul incorporates by reference the allegations contained in numbered paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. St. Paul incorporates by reference the allegations contained in ARC's Complaint in this action, Docket No. 1.

16. St. Paul executed Miller Act Performance and Payment Bonds as a condition of the Contract between ARC and the Government, pursuant to 40 U.S.C. §§270a, *et seq*. (the "Miller Act").

17. The Government declared ARC to be in default under the Contract.

18. St. Paul completed the Contract pursuant to its obligations under the Performance Bond.

19. St. Paul incurred costs and expenses to complete the Contract pursuant to its obligations under the Performance Bond.

20. St. Paul made payments pursuant to its obligations under the Payment Bond.

21. St. Paul's payments, costs and expenses pursuant to its obligations under the Performance and Payment Bonds, exceeded any funds St. Paul received for performing these obligations.

22. St. Paul is subrogated to ARC's rights to receive funds payable by the Government under the Contract, to include all of ARC's claims and causes of action asserted in this litigation.

23. St. Paul is subrogated to the Government's rights to set off claims against ARC, if any, against funds remaining under the Contract.

24. St. Paul's subrogation rights date back to April 20, 1999, the date when St. Paul executed the Bonds.

WHEREFORE, Intervenor St. Paul respectfully requests that this Court enter judgment in favor of St. Paul on Count I of this Complaint and award St. Paul, as a first priority, all remedies, damages, and any other relief otherwise recoverable by ARC against the Government in this litigation, plus attorney’s fees, costs and such other relief as the Court deems proper.

**COUNT II**
**(St. Paul's Indemnification and Assignment Rights)**

25. St. Paul incorporates by reference the allegations contained in numbered paragraphs 1 through 21 of this Complaint as if fully set forth herein.

26. ARC and others executed an Agreement of Indemnity relating to the Contract and the Bond, for the purpose of inducing St. Paul to become surety on the Bonds.

27. Pursuant to the Agreement of Indemnity, ARC assigned to St. Paul all of its rights to the funds remaining under the Contract and all of its claims and actions and causes of action, including those set forth in ARC's Complaint in this litigation.

28. ARC's assignment of rights to St. Paul was effective as of April 20, 1999, the date of the Agreement of Indemnity.

WHEREFORE, Intervenor St. Paul respectfully requests that this Court enter judgment in favor of St. Paul on Count II of this Complaint and award St. Paul, as a first priority, all remedies, damages, and any other relief otherwise recoverable by ARC against the Government in this litigation, plus attorney's fees, costs and such other relief as the Court deems proper.

**COUNT III**
**(St. Paul's Contractual Rights)**

29. St. Paul incorporates by reference the allegations contained in numbered paragraphs 1 through 21 of this Complaint as if fully set forth herein.

30. Following the Government's termination of ARC's Contract for default, St. Paul entered into a Takeover Agreement with the Government.

31. The Takeover Agreement *inter alia* incorporates the terms and conditions of the Contract and the Performance Bond.

32. St. Paul incurred costs and expenses to perform its obligations under the Takeover Agreement.

33. St. Paul's costs and expenses to perform its obligations under the Takeover Agreement exceeded funds St. Paul received under the Takeover Agreement.

34. There remains a contract balance payable by the Government to St. Paul under the Takeover Agreement.

WHEREFORE, Intervenor St. Paul respectfully requests that this Court enter judgment in favor of St. Paul on Count III of this Complaint and award St. Paul all contractual remedies, damages, and any other relief against the Government pursuant to the Takeover Agreement, to include attorney's fees, costs and such other relief as the Court deems proper.

Respectfully submitted this 1st day of June 2005.

ST. PAUL FIRE & MARINE INSURANCE COMPANY

By Counsel:
s/- Robert G. Watt
ROBERT G. WATT
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Ph: (703) 749-1000
Fax: (703) 893-8029
rwatt@wthf.com

Of Counsel:
HARISH C. MIRCHANDANI
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Ph: (703) 749-1000
Fax: (703) 893-8029
hmirchan@wthf.com