IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RENOVATION AND, CONSTRUCTION COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1798c |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO INTERVENOR'S COMPLAINT

For its answer to the intervenor's complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in paragraph 1 of the intervenor's complaint to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1 of the intervenor's complaint.

2. Admits the allegations contained in paragraph 2 of the intervenor's complaint to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2 of the intervenor's complaint.

3. Denies the allegations contained in paragraph 3 of the intervenor's complaint for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 of the intervenor's complaint for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in paragraph 5 of the intervenor's complaint for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations contained in paragraph 6 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in the first and third sentences of paragraph 8 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 8 of the intervenor's complaint for lack of knowledge or information sufficient to form a belief as to their truth.

9. The allegations contained in paragraph 9 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

10. The allegations contained in paragraph 10 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 of the intervenor's complaint to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11 of the intervenor's complaint.

12. Admits the allegations contained in paragraph 12 of the intervenor's complaint to the extent supported by the judgment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12 of the intervenor's complaint.

13. Defendant's responses to paragraphs 1 through 12 of the intervenor's complaint are incorporated by reference.

14. The allegations contained in paragraph 14 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Denies that intervenor is entitled to the relief set forth in the prayer for relief immediately following paragraph 17, or to any relief whatsoever.

18. Defendant's responses to paragraphs 1 through 17 of the intervenor's complaint are incorporated by reference.

19. The allegations contained in paragraph 19 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Denies that intervenor is entitled to the relief set forth in the prayer for relief immediately following paragraph 22, or to any relief whatsoever.

23. Defendant's responses to paragraphs 1 through 22 of the intervenor's complaint are incorporated by reference.

24. Defendant's responses to paragraphs 1 through 66 of the complaint of plaintiff American Renovations and Construction Company ("ARC") are incorporated by reference.

25. The allegations contained in paragraph 25 of the intervenor's complaint are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Denies that intervenor is entitled to the relief set forth in the prayer for relief immediately following paragraph 25, or to any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, defendant states that intervenor's complaint fails to state a claim upon which relief can be granted because the alleged assignment between ARC and intervenor's alleged predecessor in interest fails to comply with the requirements of the Anti-Assignment Act. 41 U.S.C. § 15; 31 U.S.C. § 3727; Federal Acquisition Regulation subpart 32.8.

## SECOND AFFIRMATIVE DEFENSE

The intervenor's complaint is barred by the doctrine of laches because intervenor waited more than four years after the alleged assignment before pursuing an action against the Government. The Government has been prejudiced by intervenor's delay because, among other reasons, during this time period the Government recognized another assignment and thereafter paid this assignee several million dollars in contract funds.

## THIRD AFFIRMATIVE DEFENSE

The intervenor has waived its claim by waiting more than four years before it pursued this claim.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the intervenor's complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0286
(202) 514-8624 (fax)

August 25, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 25th day of August, 2005, a copy of the foregoing answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell